JOTHAM BABCOCK *&* al. vs. NATHANIEL WILSON *&* al.

The general rule is, that where one party agrees to pay to the other certain sums at different fixed times, in consideration of which the other agrees to perform an act, leaving the time of his performance indefinite, the covenants are independent.

But if the payment of any one of the sums is made to depend upon the performance of any act by the other party, as it respects that one, they are dependent, while as it respects all the others, they remain independent.

The promise of one party is a sufficient consideration for that of the other.

Where the contract was " to give a good and sufficient deed of warranty of all and fully the promisor's interest in M. lot, meaning all and fully the same right, title and interest deeded to him by P. by deed dated *May* 28, 1835," *it was held,* that the contract required only to convey with warranty the same title received from P. and not to warrant that P. had good title.

ASSUMPSIT upon an agreement not under seal, of the following tenor. " We hereby promise, covenant and agree to and with *Amasa Hewins* and *Jotham Babcock* to take up and fully discharge ten several notes of hand, given by said *Babcock* and *Hewins* to *Waldo T. Pierce,* or order, in *May* last, for the sum of two hundred and fifty dollars each, payable annually, with annual interest, and that we will save them, their heirs, executors and administrators from any and all costs and damage that can arise or accrue to them, or either of them in consequence of said notes. And we further agree to pay or cause to be paid to said *Babcock* and *Hew-*

*ins*, or order, eight hundred dollars, as follows, *viz.* four hundred dollars in three months from date, and four hundred dollars in one year from date. As a full consideration for which the said *Babcock* and *Hewins* agree to give to us, or order, a good and sufficient deed of warranty of all and fully their interest in *Marshpoint* lot, situated on *Marsh Island* in *Orono*, meaning all and fully the same right, title and interest deeded to them by *Waldo T. Pierce* and others, as by reference to said deed, dated *May* 28, 1835, will more fully appear. *Orono, Sept.* 2, 1835. *Nath'l Wilson, Elijah Webster.*" A similar paper, signed by the plaintiffs, was given to the defendants. The deed referred to was from *W. T. Pierce* and others to the plaintiffs, defendants, and *Albert G. Brown*, conveying the *Marsh Island* point lot, describing it, to them by deed of warranty.

The action could not be tried during the jury term, and to bring the case before the Court for the determination of the questions of law, the report of the case states, that the defendants insisted, that the plaintiffs, in consideration of the obligation on the part of the defendants agreed to give them a good and sufficient deed of warranty, which they have never given or tendered, and which they never had it in their power to do in a manner which would convey the land : first, because the possession of a large and valuable part of the premises has never been in the plaintiffs, but is now and was at the time the writing was given claimed by and in the possession of one *Marsh*, as his own in fee, which he refuses to surrender. Secondly, that if a deed had been made and tendered, instead of receiving possession, the defendants would have been subjected to a vexatious law suit, contrary to the true intent and meaning of the agreement. The plaintiffs claimed the eight hundred dollars mentioned in the agreement, but they offered no proof of the execution or tender of a deed from themselves to the defendants. The latter offered to prove the points by them taken. The parties desired to submit to the determination of the whole Court, first, whether to maintain the action, the plaintiffs are bound to prove the delivery or tender to the defendants of such a deed as the agreement describes. Second, whether the other ground taken by the defendants, if proved, is legally available in their defence.

*I. Washburn*, for the plaintiffs, said, that there were three kinds of covenants or promises laid down in the books. 1. Such as are *mutual* and *independent*, where either party may recover of the other for the breach of the covenant or promise in his favor, and it is no excuse for the defendant to allege a breach on the part of the plaintiff. 2. There are covenants which are conditions dependent on each other, where the performance on one part depends on a prior performance by the other. 3. Mutual or concurrent covenants, to be performed at the same time.

Part of the covenants or promises in the same instrument may be dependent and the others independent. *Couch* v. *Ingersoll*, 2 *Pick.* 292; *Kane* v. *Hood*, 13 *Pick.* 281. If these covenants were of the second class, the plaintiffs were not bound at all events to tender a deed before they can recover. The eight hundred dollars were to be paid, long before the defendants were obliged to pay the notes. If the promises were of the third class, the plaintiffs need only to aver a readiness to perform. 15 *Pick.* 546; 1 *East*, 203; 8 *Taunt.* 69; *Brown* v. *Gammon*, 14 *Maine Rep.* 276. But the main reliance was placed upon the first principle, that these promises were mutual and *independent*. The promise to pay the eight hundred dollars was independent, absolute and unqualified. In his argument on this point, the counsel cited *Manning* v. *Brown*, 1 *Fairf.* 49; *Hunt* v. *Livermore*, 5 *Pick.* 395; 1 *Strange*, 535; *Read* v. *Cummings*, 2 *Greenl.* 82; 1 *Salk.* 171; 2 *H. Black.* 389; *Gardiner* v. *Corson*, 15 *Mass. R.* 471; 1 *Saund.* 319; 2 *Johns. R.* 272; 5 *Johns. R.* 78; 9 *Johns. R.* 126; *Com. on Con.* 41; 1 *Ld. Raym.* 665; 6 *T. R.* 572; 2 *Stark. Ev.* 92; 12 *Mod.* 461; *Smith* v. *Woodhouse*, 2 *N. H. Rep.* 233; *Hill* v. *Woodman*, 14 *Maine Rep.* 38.

The proof offered by the defendants of the claim of *Marsh* to a part of the premises is no defence to this action. The plaintiffs only agreed to convey *their interest in the premises*, "the same right, title and interest*, deeded to them by *Waldo T. Pierce* and others." The plaintiffs were only to warrant against incumbrances upon that interest. The covenants cannot enlarge the grant. *Allen* v. *Holton*, 20 *Pick.* 458. A promise to give a deed of warranty is not an engagement to give a perfect title. *Tinney* v. *Ashley*, 15 *Pick.* 546; 16 *Johns. R.* 268.

*Wilson*, for the defendants, contended, that the plaintiffs cannot sustain their action, because it was their duty to have made and tendered to the defendants " a good and sufficient deed of warranty," before attempting to enforce performance on the part of the defendants. *Sugden's Law of Vendors*, 205, 265 ; 2 *Com. on Con.* 52 ; 1 *Selw. N. P.* 160. Before the defendants can be compelled to pay, the plaintiffs are bound to exhibit a good and indefeasible title to the premises, free from all incumbrances. The agreement is void for want of consideration. To entitle the plaintiffs to recover, it is incumbent on them to prove performance, or tender of performance on their part. 4 *T. R.* 761 ; 8 *T. R.* 366 ; 9 *Mass. R.* 78 ; 10 *Johns. R.* 266 ; *Porter* v. *Noyes*, 2 *Greenl.* 22 ; *Eveleth* v. *Scribner*, 3 *Fairf.* 24 ; *Hunt* v. *Livermore*, 5 *Pick.* 395.

The opinion of the Court was prepared by

SHEPLEY J. — By the first clause in the contract the defendants promise to pay ten promissory notes, payable annually ; and to save the plaintiffs from all cost and damage arising from their having signed them. This promise could be performed by paying each yearly, with the interest annually, as it became due ; and it secured to the defendants a credit extending to nearly ten years for the last instalment.

By the second clause the defendants engage to pay a further sum of eight hundred dollars, one half in three and the other half in twelve months from the date. "As a full consideration for which" the plaintiffs agree to convey their interest in the *Marsh-point* lot. If the word *which* is to be referred for its antecedent to the payments to be made, the plaintiffs might not be required to convey the title until the final payment was made. Permitting it to have reference to the promises of the defendants, as the counsel of each party admits was the intention, and no time is appointed for making the conveyance, there is nothing in the contract indicating an intention, that it should precede the payments as a condition precedent, nor that it should be executed at the time of payment of any one of the instalments. The contract exhibits evidence of an entire confidence then reposed by each party in the other for the performance of their respective engagements. And it is highly

probable, that it was expected that the notes due to *Pierce* would be discharged, or differently secured by some new sale or negotiation, in a short time, when the title would be conveyed to some third party. Any such expectations, if entertained, have not been realized, and they now appeal to the law to decide upon their rights.

In the case of *Terry* v. *Duntze*, 2 *H. Bl.* 389, it was decided, that when payments were to be made by instalments the covenants were independent, although the last instalment was to be paid when the work was completed. This rule appears to have been approved in the cases of *Seers* v. *Fowler*, 2 *Johns. R.* 272, and *Wilcox* v. *Ten Eyck*, 5 *Johns. R.* 78; while it is impugned in *Johnson* v. *Reed*, 9 *Mass. R.* 78; and the case is alluded to, apparently with approbation, in *Gardiner* v. *Corson*, 15 *Mass. R.* 503. The rule should be received with the qualification, that if the payment of any instalment is made to depend upon the performance of any act by the other party, as it respects that one, the stipulations are dependent, while as respects all the others, they remain independent.

In the note of *Sergeant Williams* to the case of *Pordage* v. *Cole*, 1 *Saund.* 320, the rule is stated to be, that if the day appointed for payment must or may happen before the act is to be performed for which it is the consideration, performance is not a consideration precedent to the payment; " and so. it is," he says, " where no time is fixed for performance of that, which is the consideration of the money or other act." This rule appears to be well established by the cases to which he refers, and it received the approbation of the Court in the case of *Couch* v. *Ingersoll*, 2 *Pick.* 300. The application of it to this contract decides, that the stipulations were independent, and that each might exact performance of the other without proving that he had performed on his own part.

It is objected, that there was no consideration for the defendants' promises, but the promise of one party was a sufficient consideration for that of the other.

The second question submitted relates to the title which was agreed to be conveyed. The plaintiffs and defendants, and *Brown*, had, on the twenty-eighth day of *May* previous, purchased the *Marsh-point* lot of *Pierce*, in certain proportions, receiving a deed

of general warranty. The defendants, by this agreement, contracted to purchase the share thus conveyed to the plaintiffs. Was it the intention of the parties that the plaintiffs should add their warranty to that already received from *Pierce*, or were they only to convey with warranty the same title which they had acquired? The contract declares, that they are to give " a good and sufficient deed of warranty of all and fully their interest in the *Marsh-point* lot," " meaning all and fully the same right, title and interest deeded to them by *Waldo T. Pierce & als.* as by reference to said deed, dated *May* 28, 1835, will more fully appear." The engagement is not to convey a certain portion of the lot, but only their interest in it; and to remove all doubt respecting the extent of that interest, it is to be the same conveyed to them by *Pierce* and others. How can the defendants claim, that they should convey a greater or different interest, when the contract by which they require it declares, that it shall be the same, and neither more nor less? The language appears to have been carefully applied to carry into effect the apparent design of placing the defendants in the position of the plaintiffs as respects that portion of the lot conveyed to them, and of requiring this to be done by their executing a deed of warranty of the interest, which they had acquired. If there were doubts respecting the title, and none appear to have existed at that time, it must have been the intention, that the defendants should rely upon the warranty of *Pierce*, and others, to whom the principal portion of the purchase money was to be paid. The matters stated in the report cannot therefore constitute a defence to this action.