JOHN W. APPLETON *versus* AMOS CHASE *et al.*

An agreement to sell is a sufficient consideration for an agreement to purchase.

Money paid in part fulfilment of a valid agreement cannot be recovered back unless that agreement has been rescinded by mutual consent — or the plaintiff has a right to rescind it from the failure of the defendant to perform on his part.

When a bond or deed was to be given by the vendor of the premises bargained for upon the first payment being made — and the purchaser was at the same time to give satisfactory security for the remaining payments — he must tender such security before he can charge the vendor as in fault for not giving such deed or bond.

Neither could charge the other as in fault without performance or a tender of performance.

When upon such payment a bond or deed was to be given, the alternative is with the vendor — and it affords no ground for a rescission of the contract that the land was subject to incumbrance — the bond providing for its removal.

ASSUMPSIT for money had and received by the defendants to the plaintiff's use. The writ was dated June 23, 1837.

The plaintiff, to support his claim, read in evidence a receipt of the following tenor. " Saco, March 10, 1835. Received of John W. Appleton, Esq. eight hundred and fifty dollars toward the first payment of lands we are to have of Ether Shepley as per his bond to us, which land we agreed to sell Mr. Appleton on the 15th of this month.       " Amos Chase.
                                                       " John Spring."

Likewise another receipt for $650 " as part payment for one fifth part of a tract of land called the Austin Stream, on the Kennebec waters, purchased of myself and Amos Chase," dated March 14, 1835, and signed by J. Spring for himself and Chase.

Also another receipt for a note, for $766,67 payable in sixty days, which " when paid is in part of advance to Amos Chase and myself for Austin Stream, which we have agreed to sell on certain conditions," dated March 17, 1835, and signed by J. Spring.

To prove that the defendants had no title to the land bargained for till after the commencement of this suit, the plaintiff

read deeds from Henry Goddard to Ether Shepley, dated March 25, 1833, of four fifths of one half of the Austin Stream tract, and from Sumner Cummings and J. & J. Dow of the same date, conveying half of the same tract — and likewise a deed of one fifth of the Austin Stream tract from Ether Shepley to Amos Chase, dated Oct. 16, 1837 — and here rested his case.

The defendants then read a contract dated Feb. 15, 1835, signed by the plaintiff, by which he contracted and agreed to purchase of them one fifth part of the Austin Stream tract, and $2266,67 was to be paid by him on the 10th of March next, when a deed or bond for a deed was to be given, and the same amount was to be paid in one and two years, with interest annually, with good security. Also a contract with Ether Shepley, dated Nov. 20, 1834, by which he agreed to sell to them one undivided fifth part of Austin Stream tract, purchased of Messrs Goddard & Dow, upon their complying with certain conditions specified in that contract, and notifying him on or before the 15th day of February next, that they will so purchase — which contract, March 16, 1834, was assigned to Amos Chase. It appeared that due notice was given him of the intention of the defendants to purchase said tract.

The defendants further read in evidence a deed from Ether Shepley to Amos Chase, dated March 15, 1835, of one fifth of the Austin tract, — also the mortgage deed from him to Henry Goddard, dated March 25, 1833, which was discharged July 26, 1836 — and to J. & J. Dow of the same date, which was discharged Sept. 19, 1836, said mortgages being of the tracts, which the said mortgagees had conveyed him by their deeds of the same date.

Ether Shepley, called by the defendants, testified, that he executed the deed, dated March 15, 1835, in compliance with his contract of the date of November 20, 1834, the defendants having fully performed whatever was to be done and performed by them in relation thereto. He produced likewise a contract signed by himself, dated March 25, 1833, with Amos Chase, to convey one other fifth of the Austin Stream tract to him on

certain conditions therein mentioned — which being performed by said Chase, the deed dated October 16, 1837, was executed in compliance with the agreement on his part.

It appeared in evidence on the part of the plaintiff, that he had contracted to sell the land, but that as he was unable to give a deed, the bargain was not carried into effect.

It appeared on the part of the defendants, that the plaintiff recognized the defendants' right to sell, but refused to sign a memorandum to that effect, alleging as a reason that if he did, he, Chase, might sell at any price he pleased.

The trial was had before EMERY J., and on this evidence the plaintiff became nonsuit, with the agreement that the nonsuit should be set aside, and the defendants be defaulted, if in the opinion of the whole Court, the plaintiff had made out his case — with the right to be heard in damage.

*Preble,* for the plaintiff. The defendants never contracted to sell. The contract signed by the plaintiff of Feb. 15, 1835, was a mere *nudum pactum.* *Bean* v. *Burbank,* 16 Maine R. 458. The receipts are the only indications of a contract. If, which is denied, these constitute a contract to sell on the part of the defendants, then either a deed or a bond was to be given on the first payment being made. The plaintiff was not to give security without first having a deed. If a bond were given, then the defendants had sufficient security. They were not bound to give a deed as they had not the title. Security was not to be given unless the plaintiff first had a deed. Satisfactory security means reasonable security — and had the defendants conveyed the land, a mortgage back of the premises upon which a third had been paid would have been a compliance with the contract in that respect. The plaintiff has done all which was to be done on his part and the defendants having failed to comply with the terms on their part, the plaintiff has a right to rescind the contract, if one existed, and recover the money by him paid.

*Fessenden & Deblois,* for the defendants.

The receipts upon which the plaintiff relies, negative the

Appleton *v.* Chase.

suggestion of a contract without consideration. They purport to be in part payment of a contract. The receipts and contract signed by the plaintiff relate to the same land and fully show the contract and its terms. The money paid cannot be recovered back, for the contract was not rescinded nor was there a right to rescind it. *Smith* v. *Haynes,* 9 Greenl. 128. The undertakings are dependant. *Bank of Columbia* v. *Hayner,* 1 Pet. 464 ; *Stone* v. *Fowle,* 22 Pick. 166 ; *Robb* v. *Montgomery,* 20 Johns. 15. To entitle the plaintiff to rescind the contract he must show the vendor in default. 2 Phil. 83, 65, n. a. If not in default the action is not maintainable. *Dowdle* v. *Camp,* 12 Johns. 451 ; *Ketchum* v. *Evertson,* 13 Johns. 359.

The security was to be first furnished, whether the defendants gave a bond or deed — this not being done, the plaintiff has no right to claim a performance of the contract on the part of the defendants — nor to rescind it because neither were offered.

The opinion of the Court was delivered by

WESTON C. J. — The agreement entered into by the plaintiff, on the fifteenth of Feb. 1835, with the defendants, to purchase of them certain land, upon the terms and conditions specified in the instrument by him signed, is binding upon him if sustained by a legal consideration. An agreement on the part of the defendants, to sell or convey the land, would be sufficient to give binding efficacy to the agreement of the plaintiff. And this is to be found in the receipts, upon which he bases his action. The first contains express words of agreement, to sell the land they were to have of Ether Shepley, described by reference to his bond. The second refers to the same land, by the name which had been given to it and by which it was known, as a tract which had been purchased of them by the plaintiff. These were signed by both the defendants. The third, which is signed by Spring alone, acknowledges the payment of a sum of money by the plaintiff, advanced by him to Chase and himself towards the same land, which they had agreed to sell on certain conditions. These

conditions are to be found in the instrument signed by the plaintiff. Upon performance or upon an offer to perform by him the stipulations on his part, in our judgment he would have been entitled to an action at law against the defendants, or might have compelled specific performance, by bill in equity. It has been held, that an agreement to sell land, binds the party to execute a proper deed of conveyance. *Smith* v. *Haynes*, 9 Greenl. 129.

The sums, sought to be recovered in this action, having been paid in part fulfilment of a valid agreement, cannot be reclaimed, unless that agreement has been rescinded by mutual consent, or the plaintiff has a right to rescind it at his election. And this he cannot do, so long as the defendants are in no fault. *Rounds* v. *Baxter*, 4 Greenl. 454 ; *Hudson* v. *Swift et al.*, 20 Johns. 24.

It is insisted, that the defendants were in fault in not having given a deed, or a bond for a deed, upon the completion of the first payment, according to one of the conditions of the plaintiff's agreement. But by the fair meaning, as well as the legal effect of that agreement, the plaintiff was at the same time to give satisfactory security for the two remaining payments. The plaintiff should have tendered this security, before he can charge the defendants as in fault upon this ground. It may be said, that if they gave bond with condition to convey, upon these payments being made at the times stipulated, retaining the land, they would have sufficient security in their own hands, and nothing further was necessary. But this might not have been satisfactory. The land was valuable for its timber, upon which the owners were then operating, a part of which, as the same agreement shows, was for the benefit of the plaintiff. Hence the defendants might be well justified in insisting upon satisfactory security, which the plaintiff agreed affirmatively to give. Upon a just and legal construction, the deed or bond and the security were to be given concurrently. Neither could charge the other as in fault, without performance or a tender of performance. This has been repeatedly held to be the law, upon concurrent or dependent stipulations.

But it is further urged for the plaintiff, that he is excused from further performance, and has a right to rescind the contract, because the title was not in the defendants at the time, or was incumbered with a mortgage. But they had a bond, by the condition of which they were to have a title, and which provided for a removal of the incumbrance. This was held sufficient to sustain a similar agreement in the case of *Smith* v. *Haynes,* more especially as the plaintiff there, as well as here, was apprized of the actual state of the title. The defendants were to give a bond or a deed. This was all the plaintiff required, and the alternative was with them. If they had elected to give a bond, the title was acquired and the incumbrance removed before the time limited for the last payment. For ought appears, the defendants have been at all times ready to comply with their contract. Every thing was promptly fulfilled necessary to enable them to do so. The notes secured by mortgage were paid at maturity, and the lien upon the land thereupon discharged. And as late as March, 1836, the plaintiff claimed the benefit of the contract, and expressed his determination to make arrangements to meet the second payment. Upon the facts reported, the action cannot in our opinion be maintained.

*Nonsuit confirmed.*