## L. L. Smith v. Tobey Furniture Company

1.  Sales—*Delivery of Goods by Favor.*—It is not a matter of right but of favor that shop-keepers deliver goods before they are paid for; and in the absence of an agreement to do so it is entirely by favor that they send goods out on approval, or permit a purchaser to exchange them for other goods he has once received.

2.  Same—*When Vendor Not Bound to Deliver.*—A vendor of goods is not bound to deliver until the price has been paid, but this rule does not prevent the making of a binding contract of sale.

3.  Same—*Executory Contracts—Requisites.*—An agreement merely of purchase and sale having been made, two things are to be done to carry the executory contract into effect, viz.: the purchaser is to pay the agreed price, the seller is to deliver; their actions are to be simultaneous.

4.  Same—*Promise for a Promise, Consideration.*—Where the vendee promises to pay the money and the vendor promises when this is done to deliver the goods, it is a promise for a promise, and sufficient; the vendee may, upon tendering the money, compel the vendor to deliver the goods.

5.  Replevin—*By a Vendee.*—When a person purchases an article of personal property and pays for it, he may maintain an action of replevin for it.

**Memorandum.**—Assumpsit for goods sold.    Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Common counts for goods sold; plea of the general issue; trial by the court; finding and judgment for plaintiff; appeal by defendant.    Heard in this court at the October term, 1894, and affirmed.    Opinion filed January 28, 1895.

Myron H. Beach, attorney for appellant.

Edgar B. Tolman, attorney for appellee.

### Statement of the Case.

During the afternoon of Monday, September 4, 1893, the defendant, L. L. Smith, accompanied by Mr. Hamilton, called at the salesroom of plaintiff to see about purchasing furniture under a special sale advertised by the plaintiff. There were large placards opposite the elevator landing containing the following words:  " Goods in this sale will

not be sent on approval, returned or exchanged, whether delivered or not. No exceptions to this rule."

There were price cards on each article of furniture, on which the price of the article was marked, and on which the following words were printed : "At this price this piece can not be returned or exchanged, whether delivered or not."

Mr. Smith was waited on by one of plaintiff's salesmen named Goodjohn. In discussing the terms of sale Mr. Smith told Mr. Goodjohn that he wanted to have the goods delivered before he paid for them, so that he could look at them. Mr. Goodjohn answered that the terms of this sale were cash before delivery, and referred him to Mr. Fellows, the secretary of the plaintiff company. Mr. Fellows repeated to Mr. Smith what Mr. Goodjohn had said, that the terms of this sale were cash before delivery.

Mr. Smith and Mr. Hamilton then proceeded to select furniture. When Mr. Smith found anything that suited him, he said : "I will take that," or, "You may put that down," whereupon salesman Goodjohn wrote down the article and price in the little book which he carried in his hand.

This process of selection continued until after 6 P. M., when the store was locked up, and Mr. Smith and Mr. Hamilton left, expecting to return next morning and finish the selection of furniture. Up to this time $289.50 worth of furniture had been selected, about one-seventh of the amount which the defendant expected to purchase. The last thing selected was a hall tree. Before Mr. Smith and Mr. Hamilton returned to the store the next morning, the space which the hall tree was intended to occupy in the flat had been measured, and found to be too small. On his return to the store Mr. Smith informed Mr. Goodjohn of this fact, and desired to exchange the hall tree. Mr. Goodjohn refused to permit him to do this. Mr. Smith then went to see Mr. Wright, the manager of the Tobey Furniture Company, and told him he wanted to exchange the hall tree for another that cost more. Mr. Wright answered that he would not be permitted to select that other hall tree.

At that time, the articles of furniture stood just where they were when selected, and nothing had been done toward preparing them for delivery. Mr. Smith then said that he had not completed his selection, and that he would countermand his order.

On the following day these goods were delivered at the Albemarle, and received without the knowledge or authority of Mr. Smith. Mr. Smith did not open the goods, and at a later date had them removed to a warehouse.

Appellant says: "The question raised by the record in this case, is: Had the contract between the plaintiff and defendant been consummated at the time when the defendant countermanded his order?"

Mr. Presiding Justice Waterman delivered the opinion of the Court.

The conditions of sale under which the goods in question were purchased do not appear to have been different from those ordinarily attending the sale of personal property.

It is not a matter of right but of favor that shop-keepers deliver goods before they are paid for; and in the absence of an agreement to do so, it is entirely by favor that they send goods out upon approval, or permit a purchaser to exchange for others, goods he has once received.

It would seem that appellee had been so much in the habit of granting these favors, that at this time it felt called upon to give notice that such practice had been discontinued.

The rule it announced was not that no goods would be sold or considered as sold until the price thereof had been paid, but that no goods would be delivered until they had been paid for. That was a mere statement of the rule of law as to sales. A seller is not bound to deliver until he has been paid. This rule does not, however, prevent the making of a binding contract of sale.

An agreement, merely, of purchase and sale having been made, two things are to be done to carry the executory contract into effect, viz.: the purchaser is to pay the agreed price, the seller is to deliver; these actions are to be simultaneous.

In the present case it appears that appellee and appellant made a valid contract of sale; appellee offered to sell certain furniture at certain price; appellant accepted this offer; the minds of the parties met. Each had made a binding promise, and one was an adequate consideration for the other. Appellant insists that there is not in this case "*Do ut des facias ut facias, facio ut des* or *do ut facias.*" There is, however, a promise for a promise, a promise to pay money, and a promise when this is done, to deliver goods.

Had the appellant tendered the money, appellee would have been bound to deliver the goods. Parsons on Contracts, Vol. 3, 451; White v. Demill, 2 Hall 505; Bablock v. Wilson, 17 Me. 372; Appleton v. Chase, 19 Me. 74. While appellant had expressed an intention to buy $2,000 worth of goods, he had done nothing compelling him to do so. The purchase and sale of each article was a complete bargain as to such article.

Had appellant paid the agreed price for the halltree, he could have maintained an action of replevin for it; by the bargain the rights of the parties became reciprocal and also respectively enforceable.

The judgment of the Superior Court is affirmed.