JAMES F. COMSTOCK, *et al.*, Plaintiffs in Error, *vs.* JAMES L. DAVIS, *et al.*, Defendants in Error.

51  569,
127  606|
51  569
147  647
150  373

1. *Practice, civil—Demurrer—Involuntary non-suit, etc.*—After demurrer sustained plaintiff may either stand on his demurrer and submit to a final judgment, or he may amend his petition ; but he cannot be forced to take a non-suit.

2. *Contract with two stipulations—Suit upon —Misjoinder, etc.*—A contract to pay a given sum of money and in case of failure to pay the same on maturity and suit for the amount, to pay a reasonable attorney's fee in addition, is but one contract with two stipulations, and suit in one count on both stipulations is not demurrable by reason of misjoinder of causes of action. By suing on one stipulation and omitting the other, plaintiff might have barred himself from a subsequent suit on the remaining stipulation.

*Error to Daviess Circuit Court.*

*Holliday & McFerren,* for Plaintiffs in Error.

*Allen H. Vories,* for Defendants in Error.

ADAMS, Judge delivered the opinion of the court.

This was a suit founded on the following instrument of writing :

ST. LOUIS,. May 3rd, 1871.

" Thirty days after date we, the subscribers of Gallatin, County of Daviess, State of Missouri, promise to pay to the order of J. F. Comstock & Co., (a mercantile firm composed of James F. Comstock and James Blackman,) Three hundred and eighty-two 72-100 dollars for value received, negotiable and payable without defalcation or discount and with interest at the rate of ten per cent. per annum, if not paid at maturity, and attorney's fee in the event of suit for said amount or any part thereof."

"Signed

JAMES L. DAVIS
P. R. DUNN.
E. M. MANN. "

An amended petition was filed by the plaintiffs containing one count setting forth in substance the above instrument, and alleging breaches of the two stipulations, to wit: .the non-payment of the three hundred and eighty-two 72-100 dollars and the accrued interest, and the breach of the stipulation to pay an attorney's fee, claiming thirty eight 27-100 dollars as a rea-

sonable attorney's fee, and asking judgment for the whole and costs.

The defendants demurred to this petition and for cause of demurrer assigned ; that the petition did not state facts sufficient to constitute a cause of action ; and that there were several causes of action improperly combined in the same count.

The court sustained the demurrer and ordered a non-suit, and the plaintiff afterwards by leave of the Court moved to set aside the nonsuit, which motion was overruled and exceptions saved ; and the plaintiff has brought the case here by writ of error.

The court evidently erred in ordering a non-suit on sustaining the demurrer. After a demurrer is sustained if the plaintiff declines to amend his petition, a final judgment ought to be entered on the demurrer. The plaintiff may either stand on the demurrer or amend his petition, but cannot be forced to take a non-suit because a demurrer has been sustained.

Treating this however as a formal defect, we will proceed to consider the case as though judgment had been entered on the demurrer.

The objection is, that two separate and distinct causes of action are improperly joined in one count. It seems to me this objection is rather technical than substantial. The petition is based upon a single contract containing two stipulations. There is in fact but one cause of action consisting of the several breaches of the stipulations of the alleged contract. The parties might have sued on the contract and alleged a breach of one stipulation and omitted the other ; but by doing so they might have barred themselves from a subsequent suit on the other stipulation. (See Brooks vs. Ancill *et al., ante,* p. 178, decided Oct. Term, 1872.)

In my judgment the petition contains a proper statement of the plaintiffs' cause of action, and the demurrer was improperly sustained. Judgment reversed and cause remanded. The other judges concur.