THE MISSOURI PACIFIC RAILWAY CO., Respondent, *v.*
SAMUEL LEVY, Appellant.

## May 4, 1885.

1. CASE ADJUDGED.—The only difference in the facts of this case and
that of *this plaintiff* v. *R. A. & J. Atkison,* just decided by
this court, consists in the following endorsement on the back
of the contract signed by defendant Levy: " This note is only
payable when the Lexington & Southern Railroad Company com-
pletes and puts in operation its railroad of standard gauge and
steel rails from the town of Pleasant Hill, in Cass county, Mo., to
the city of Butler, Bates county, Mo., on or before January 1,
.1881;" and on the trial "it was admitted for the purpose of this
case, that on January 1, 1881, one and one-half miles of said Lex-
ington & Southern R. R. Co. between Pleasant Hill and Butler
was not of steel rails, but the same was replaced with steel rails,
May 1, 1881." The legal effect of this endorsement on said con-
tract is the only question not already passed upon by this court in
the Atkison case.

2. SAME.—CONSTRUCTION OF A WRITING ON THE BACK OF ANOTHER PAPER
REFERRING TO MATTERS CONTAINED IN IT.—"A *memorandum* writ-
ten in the corner of a note is as much a part of the contract as if
it had been written in the body of the note, because the contract
must be collected from the four corners of the document, and no
part of what appears there is to be excluded" (*Warrington* v. *Ear-
ly*, 2 Ellis & Bl. 763); and this is the generally accepted doctrine of
this country. The terms and effect of the instrument may also be
collected from "the eight corners," and a *memorandum* indorsed
on the back thereof, affecting its operation, is as effectual as if in-
corporated in the face of the note or other contract.—1 Danl., Neg.
Inst. sect.151. Nor does it make any difference that the *memoran-
dum* is not signed by the parties, the presumption is that it was
placed there contemporaneously with the execution of the note or
contract.—1 Greenl. Ev. sect. 121.

3. SAME.—ENTIRETY OF CONTRACTS NOT APPORTIONABLE.—The contract
in this case was an entirety. It could not be severed or appor-
tioned. "When parties enter into a contract by which the
amount to be performed by the one, and the consideration to be
paid by the other, are made certain and fixed, such a contract
cannot be apportioned. When parties make a contract, which is
not apportionable, no part of the consideration can be recovered
in an action on the contract, until the whole of that for which the
consideration was to be paid is performed."—2 Parsons on Con-
tracts, 520.

4. SAME.—RES ADJUDICATA AS AGAINST DEFENDANT IN THIS CASE.—
   In the replevin suit against Atkison and others this defendant
   appeared as defendant to that action and pleaded as a defence to
   to plaintiff's right of recovery that it had not complied with its
   contract. The merits of the controversy were at issue in that
   suit, and as the whole defence might have been presented in that
   trial, the matter is *res adjudicata* and must be considered as con-
   cluded by the former judgment.—*Antram* v. *Morewood*, 3 East.
   358; *Brulau* v. *Shannon*, 99 Mass. 303.

APPEAL from the Cass Circuit Court, HON. NOAH M.
GIVAN, Judge.

*Affirmed.*

E. J. SMITH, for appellant.

I. Indorsed upon the contract in this case there is a
stipulation for all steel rails. This was not complied
with. There were one and one-half miles of iron rails un-
til long after January 1, 1881, the time limited in the
note. If the company need not complete the railroad
with steel rails in the time limited, then it need not at
all. It was not bound to do so at any other time. If it
might omit one mile of steel rails it might omit ten miles.
Defendant had a right to insist on a strict compliance
with the conditions. Such compliance has not been had.

II. Upon the other points here involved reference is
had to brief for appellant in the "Atkison case," pre-
sented at the same time with this case and the same plain-
tiff.

RAILEY & BURNEY, for respondent.

I. All the questions involved herein have been fully
discussed in the "Atkison case," except the point raised
by defendant in regard to the steel rails. The indorse-
ment as to steel rails was on the back of the contract,
and was not signed, dated, nor referred to in the note
and contract, which were signed. No evidence was pro-
duced at the trial below to show when the indorsement
was made, who made it, and the purpose for which it was
made.

II. As the note and contract signed by defendant
and Brown were plain, clear and unambiguous, and no
evidence was introduced to show why the indorsement

was made, the court declined to construe it as a part of the contract.

III.   If construed to be a part of the contract, we think the failure to build one and one-half miles (out of 40) for 4 months should not operate to discharge defendant from liability.  *De minimis non curat lex.*  The plaintiff did not consider the indorsement a part of the contract and neither did the court below.

Opinion by PHILIPS, P. J.

The only difference in the facts of this case and that of this plaintiff against R. A. & John Atkison, just decided by this court, consists in the following indorsement on the back of the contract signed by the defendant Levy :

"This note is only payable when the Lexington & Southern Railroad Company completes and puts in operation its railroad of standard gauge and steel rails from the town of Pleasant Hill, in Cass county, Mo., to the city of Butler, Bates county, Mo., on or before January 1, 1881."

On the trial "it was admitted, for the purpose of this case, that on January 1, 1881, one and one-half miles of the said Lexington and Southern Railroad company between Pleasant · Hill and Butler was not of steel rails, but the same was replaced with steel rails May 1, 1881."

On this state of the proof, *inter alia*, the defendant asked and the court refused the following instructions :

"The court declares the law to be, that the matter embraced in the printed conditions attached to the note in suit, and that written on the back of said note are all conditions of said note, and which must be complied with before plaintiff can recover, and unless plaintiff has shown by the evidence, in addition to the matters required to be shown in the other instruction, that plaintiff also constructed its said railroad before January 1, 1881, of steel rails, the finding will be for defendant, and if one and one-half miles of said road was not constructed of steel rails until May, 1881, the same is not a compliance with said conditions and the finding will be for defendant."

The court thereupon found the issues for the plaintiff and entered judgment accordingly; from which judgment the plaintiff duly prosecuted his appeal.

The legal effect of the indorsement on said contract, in respect of the character of the rails to be used in the construction of said railroad, is the only question not already passed upon by this court in the Atkison case. In justification of the ruling of the court on said instruction counsel for plaintiff contends first, that the indorsement on the back of the contract was neither signed nor dated, nor was any evidence produced by plaintiff to show when the indorsement was made, nor by whom the same was so written; second, that the note and contract, signed by the parties were plain and unambiguous, and, therefore, they could not be contradicted, enlarged or limited by the extraneous matter appearing on the back of the contract; and third, that the language used in the indorsement is general and does not provide that the entire road from Pleasant Hill to Butler—a distance of forty miles—should be constructed exclusively of steel rails, and that the failure on only one and one-half miles was immaterial.

I. The first inquiry arising in the consideration of this question is, can this indorsement be regarded as a part of the contract between the parties? We have already held in the Atkison case (*supra*) that the note and principal contract constituted in law one instrument, and as such are to be considered and construed together. Lord Campbell, C. J., in *Warrington* v. *Early* (2 Ellis and Bl. 703); (75 E. C. L. R.), held that a memorandum written in the corner of a note is as much a part of the contract as if it had been written in the body of the note, "because the contract must be collected from the four corners of the document, and no part of what appears there is to be excluded."

This is the generally accepted doctrine of this country. Memoranda written at the bottom of notes specifying the manner of payment, stating conditions on which the note will become payable, declaring that the note shall be

void if certain things be not done in a certain manner and at a given time, have been held to constitute part of the contract, and to limit and control its operation.— 1 Danl. Neg. Inst., sect. 150 and cit.

Equally well settled seems to be the doctrine, that the terms and effect of the instrument may also be collected from "the eight corners." So a memorandum indorsed on the back thereof, affecting its operation, is as effectual as if incorporated in the face of the note or other contract.—1 Danl. Neg. Inst. 151 ; *Henry* v. *Colvin*, 5 Vermont 402 ; *Wait* v. *Pomeroy*, 20 Mich. 425 ; *Franklin Sav. Inst.*, 125 Mass. 365-6-7 ; *Barnard* v. *Cush*, 4 Metc. 231 ; *Hartly* v. *Wilkinson*, 4 Camp. 227.

Nor does it make any difference that the memorandum is not signed by the parties.—*Farmer's Bk. of Ky.* v. *Ewing*, 78 Ky. 204.

The rule, it may be conceded, should be limited to memoranda made at the time of the execution of the instrument, and parol evidence is competent to show when the memorandum was made and by whom. Parsons on B. and N. 544 intimates that words written on the back of a note are presumed to have been written after the execution and delivery of the note, citing *Emerson* v. *Murray* (4 N. H. 171) in which it is said that before the indorsement can be considered as a part of a *deed* it must be shown affirmatively to have been upon the instrument when executed. This declaration, it is to be observed, was made in respect of such indorsement on a deed—a sealed instrument. We think the current of authority maintains the presumption, in the case of an indorsement found on the back of a contract, that it was placed there contemporaneously with the execution of the note or contract.—1 Danl. Neg. Inst., sect. 154, note 3 ; 1 Greenl. Ev., sect. 121.

Be this as it may, there is little ground for controversy in the case at bar as to when this indorsement should be deemed to have been made. The note and contract were placed by these parties in the hands of Tygard in escrow. The presumption must be that the instrument was so in-

dorsed when they delivered it. It was introduced in evidence without any suggestion of improper alteration or emendation. The only question raised by the plaintiff at the trial, as gathered from its abstract of the record and statement of the case, was as to the legal effect of the indorsement.

The suggestion of counsel for plaintiff that the language of the memorandum, concerning the character of the rails, is general, and, therefore, is not necessarily to be construed as applying to the whole length of the road, is palpably a *non sequiter*. If one and one-half miles may be excepted from such a contract, it is difficult to draw the line where the plaintiff might have stopped placing the steel rails and yet preserved its understanding. The contract was an entirety. It could not be severed or apportioned. "When parties enter into a contract by which the amount to be performed by the one, and the consideration to be paid by the other, are made certain and fixed, such a contract cannot be apportioned. When parties make a contract which is not apportionable, no part of the consideration can be recovered in an action on the contract, until the whole of that for which the consideration was to be paid is performed."—2 Pars. Con. 520-522. The note given by the defendant was voluntary, and the very thing that imparts to it a valuable consideration, making it obligatory upon the maker, is the fact of performance by the payee. It is not perceivable what office the memorandum on the back of the contract was designed by the parties to fill other than to make definite the quality of the rails to be used in constructing the road. The principal contract only provided that the company should complete and put in operation its railroad of standard gauge from Pleasant Hill to Butler. There was no specifications as to the character of rails to be employed. But the memorandum, after the words "standard gauge" added the words "and steel rails." This in fact is the only difference between the contract proper and the indorsement. This can therefore, hardly be said to be an alteration or modifica-

tion of the contract. It was explanatory of the nature and quality of the subject.—2 Pars. Con. 564; Greenl. Ev., sect. 286. The quality of the rails and the time of the completion of the entire work were made by the parties to be of the very essence of the liability of the defendant. This being a naked action at law to recover the promised money, the plaintiff must show exact conformity to the terms of the contract. This rule is inexorable.—Pomeroy on Con., sects. 371-378; 2 Parsons on Con. 66; *Helm* v. *Wilson*, 4 Mo. 41; *Eyreman* v. *Mt. S. C. Ass.*, 6 Mo. 498; *Hempler* v. *Schneider*, 17 Mo. 258.

It follows that the instruction asked by defendant should have been given, unless there be some other controlling fact in the record invoking another rule of law justifying the trial court in refusing it.

II. The answer of the defendant pleaded the recovery of judgment by the same plaintiff in the replevin suit against Atkison et al. (*supra*). An examination of that record, read in evidence in this case, shows that this defendant, *sua sponte*, appeared as defendant to that action, and pleaded as a defence to the plaintiff's right of recovery the fact that it had not complied with its contract entitling it to the control and the payment of said note. The very matter in issue in that suit, tendered by the defendant's answer, was whether the plaintiff had performed its contract with defendant on or before the 1st day of January, 1881.

That issue was found for the plaintiff, and I am of the opinion that the company now can invoke the rule: *Nemo bis vexari pro eadem causa.* The rule, as declared in the leading case of the Duchess of Kingston, is that, "the judgment of a court of concurrent jurisdiction directly upon the point is, as a plea at bar or as evidence, conclusive between the same parties upon the same matter directly in question in another court."

It is true the defendant in the replevin suit pleads only the principal contract, and did not set up the matter of the indorsement. But this cannot avail him here. The rule is firmly settled, that when the merits of the

controversy were at issue in the first suit, every objection urged in the second suit having been open to the party within the legitimate scope of the pleadings of the first action, and the whole defence might have been presented in that trial, the matter is *res adjudicata*, and must be considered as concluded by the former judgment.—*Autram* v. *Morewood*, 3 East. 358; *Greathead* v. *Broomly*, 7 Term. The Vice Chancellor in *Henderson* v *Henderson* (3 Hare. 100-115), declares the rule thus: "Where a given matter becomes the subject of litigation in and of adjudication by a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not brought forward only because the party has from negligence, omitted part of his case." This is, as we think, the correct and well sustained rule.—*Roberts* v. *Heine*, 27 Ala. 678; *Saffovd* v. *Clark*, 3 Bing. 382; *Miller* v. *Covert*, 1 Wend. 487; *Burlen* v. *Shannon*, 99 Mass. 303; *Gilbert* v. *Thompson*, 9 Cush. 349; *Merriam* v. *Whittemore*, 5 Gray 317; *Trask* v. *Railroad*, 2 Allen 333; *Doty* v. *Brown*, 4 Comst. 75; *Bouchard* v. *Adirs*, 4 Denio 243; *Stephens* v. *Hughes*, 31 Penn. St. 385; *Hatch* v. *Garza*, 22 Texas 187; *Clark* v. *Sammons*, 12 Ia. 37; *Greenabaum* v. *Elliot*, 60 Mo. 25; *Comstock et al.* v. *Davis*, 51 Mo. 570.

The courts have gone so far as to hold that a party although not formally appearing to an action, in the final result of which he is interested, yet, if he actively participates in the trial thereof, as by employing counsel and controlling the same, will be concluded by the result of that trial.—*Strong* v. *Phœnix Ins. Co.*, 62 Me. 295; *Wood* v. *Ensell*, 63 Mo. 166; *Landis* v. *Hamilton*, 77 Mo. 565.

While it is true in the action of replevin, ordinarily, the only question is the right of possession, yet if the party interested in the subject matter of the contest, as

in this case, interposes and sets up special matter to defeat the claim, that matter is concluded by that litigation. In *Miles* v. *Caldwell* (2 Wallace 35), it is held by the Supreme Court of the United States, that where to an action in ejectment the defendant had pleaded that the mortgage under which the plaintiff claimed the possession was fraudulent, the judgment therein was a bar to a subsequent suit in equity between these parties respecting the title involving the same questions of satisfaction and fraud touching said mortgage, because these questions had been submitted to the jury and passed upon by them in the first action. In *Umlauf* v. *Umlauf* (S. C. Ill.; Cent. L. J., vol. 20, p. 315), it is held: "Where some specific fact or question has been determined in a suit and the same fact or question is again put in issue in a subsequent suit between same parties, the adjudication in the prior suit is conclusive, without regard to whether the cause of action is the same or not in both suits."

3. We have felt some embarrassment in the consideration of the effect of this former recovery, as applied in this case, owing to the state of the pleadings. It was held in *Kelley* v. *Hurt* (61 Mo. 466) that the question of the former recovery, arising by record, could not be considered in that case because it was not pleaded, the case standing merely on demurrer. And this rule has since been applied to estoppels *in pais*. They must be pleaded to make them available.—*Bray* v. *Marshall*, 75 Mo. 327; *Noble* v. *Blount*, 77 Mo. 235.

But as a matter of course, every rule stands to some reason, or at least is supposed to do so. Under our present system of pleadings, facts constitutive of the cause of action must be pleaded to enable the parties to avail themselves thereof, and no proof can be admitted of facts not within the terms of the issue. But here the defendant has pleaded the record showing the former recovery and introduced it in evidence. The fact then is within the issues and the record is before the court, at the defendant's instance. As such it is before the court

for every legitimate use to which either party or the court may apply it.—*Strong* v. *Phœnix Ins. Co.*, *supra;* *Lemon* v. *Chanslor*, 68 Mo. 353-4 ; *Gleason* v. *Knapp*, S. C. Mich., vol. 22, p. 865-6., N. W. Rep.

The facts being clear and indisputable, we feel the less reluctance to make a final disposition of this cause on the record, because to remand it for further proceeding would be but to accumulate costs, with no possibility of other result in the end than the one we have reached.

The instruction in question was, therefore, properly refused, and, the other judges concurring, the judgment of the circuit court is affirmed.