MICHAEL MARTIN, General Guardian, etc., Respondent, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

M., an employe of defendant, was directed to detach certain cars from a freight train. While engaged in doing this he was run over and received injuries causing his death. In an action to recover damages, the alleged negligence on the part of the defendant was that the end of the car he was detaching was not furnished with a grab-handle. Plaintiff was allowed to prove, under objection and exception, that, after the injury and while M. was being conveyed to the switch-house, in reply to a question as to how the accident happened, he said: " I pulled the pin and made a grab for the car, but there was nothing there for me to grab." *Held*, the evidence was incompetent and its reception error, requiring a reversal.

Also *held*, that defendant was not precluded from insisting upon the exception by having itself proved, after this evidence had been given, for the purpose of contradicting the witness testifying to the statements, other statements made by M. on the occasion referred to in conflict with the declarations so proved.

A party does not waive his objections to incompetent evidence by attempting to disprove the matters testified to, or to prove facts inconsistent with them.

(Argued December 6, 1886; decided December 17, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 26, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial.

*Frank Loomis* for appellant.   The court erred in admitting
evidence of what Quigley said after the accident, describing
how the accident happened.   (*Waldele* v. *N. Y. C. & H. R.
R. R. Co.*, 95 N. Y. 274; *People* v. *Murphy*, 101 id. 126;
1 Whart. on Ev., § 1174; *Bigley* v. *Williams*, 80 Penn.
St. 107; *People* v. *Davis*, 56 N. Y. 283; *Molloy* v. *N. Y. C.
& H. R. R. R. Co.*, 10 Daly, 453.)   The master does not owe
to his servants the duty to furnish the best known or conceiv-
able appliances; he is simply required to furnish such as are
reasonably safe and suitable, such as a prudent man would fur-
nish if his own life were exposed to the danger that would
result from unsuitable or unsafe appliances.   (*Burke* v. *With-
erbee*, 98 N. Y. 562.)   The court erred in admitting the opin-
ion of the witness, as to the better protection by a horizontal
handle.   (*Ferguson* v. *Hubbell*, 97 N. Y. 507.)   Where upon
the trial of an action the testimony of a party is wholly incon-
sistent with a written statement previously made by him under
oath out of court, a verdict in his favor, unsupported except by
such discredited testimony, should not be permitted to stand.
(*Molloy* v. *N. Y. C. & H. R. R. R. Co.*, 10 Daly, 453; 2
Phillips on Ev. [4th Am. ed.] 976.)   An employe of a railroad
company takes the risk incident to the character of the com-
pany's equipment or its method of doing business, even if less
suitable than they might be, provided the employe knows, or
has the means of knowing such character and methods, and
voluntarily continues in the service.   (*Brick* v. *Rochester, N.
Y. & P. R. R. Co.*, 98 N. Y. 211; *Powers* v. *N. Y., L. E. &
W. R. R. Co.*, id. 274; *Gibson* v. *Erie R. Co.*, 63 id.
449; *Mehan* v. *S. B. & N. Y. R. R. Co.*, 73 id. 585; *DeFor-
rest* v. *Jewett*, 88 id. 264; *Marsh* v. *Chickering*, 101 id. 396;
*Sweeny* v. *Berlin & J. Envelope Co.*, id. 520.)   Defendant
could not then be liable unless knowledge of the disappearance
of the handle was brought home to it, or proof given of the
omission to exercise proper care to discover its absence.   (*Dev-
lin* v. *Smith*, 89 N. Y. 490.)   There was no negligence on the
part of the defendant in not having this particular car at this
particular time equipped with the horizontal grab.   (*Marsh* v.

*Chickering*, 101 N. Y. 396; *Sweeny* v. *B. & J. Envelope Co.*, id. 520.)

*Thomas P. Wickes* for respondent. The defendant owed to the deceased the duty to place him under no risks from imperfect or inadequate machinery; it was bound to exercise the care of an ordinary, prudent person in supplying a car reasonably safe and suitable for the purposes for which it was required, and for the discharge of the duties to which the employe was assigned. (*Gottlieb* v. *N. Y., L. E. & W. R. R. Co.*, 100 N. Y. 462, 467; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 546; 99 id. 607; *Jones* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 368; 92 N. Y. 628.) The judgment, therefore, should not be reversed unless it is made to appear affirmatively to this court that the admission of incompetent evidence, or the rejection of competent evidence has clearly affected the result in violation of substantial justice. (*Shorter* v. *People*, 2 N. Y. 193, 203; *City Bk.* v. *Dearborn*, 20 id. 244, 246; *Hobart* v. *Hobart*, 62 id. 80, 84; *Cushman* v. *U. S. Life Ins. Co.*, 70 id. 72, 81; *Bardin* v. *Stevenson*, 75 id. 164, 167; *Foote* v. *Beecher*, 78 id. 155, 158, *Ward* v. *Kilpatrick*, 85 id. 413, 417; *Tenney* v. *Berger*, 93 id. 524, 531; *Thorne* v. *Tuck*, 94 id. 90, 97.) Quigley's declarations were made at the same time with the accident, or so nearly contemporaneous with it as to characterize it; they threw light upon it; they harmonized with it; they were a part of it, and were admissible. (*Tilson* v. *Terwilliger*, 56 N. Y. 273; *Casey* v. *N. Y. C. & H. R. R. R. Co.*, 78 id. 518; *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 id. 283, 284; *Commonwealth* v. *Hackett*, 2 Allen [Mass.], 136; *Ins. Co.* v. *Mosely*, 8 Wall. 397; *Twomley* v. *C. P. N. & E. R. R. Co.*, 69 id. 158; *Norwich Transportation Co.* v. *Flint*, 13 Wall. 3; *Ahern* v. *Goodspeed*, 72 N. Y. 108; 9 Hun, 263; *Schicker* v. *People*, 88 N. Y. 192; *Nowell* v. *Mayor, etc.*, 20 J. & S. 382, 385.)

RAPALLO, J. The decision of this appeal is controlled by

the case of *Waldele* v. *N. Y. C. & H. R. R. R. Co.* (95 N. Y. 374), in which it was held, after much discussion, that the declarations of a person who had been fatally injured upon a railroad, made after he had sustained the injuries, explaining the manner in which the accident had happened, were not competent evidence in favor of his administratrix, in an action brought by her against the railroad company for causing his death by negligence.

The plaintiff was allowed to prove in the present case, under objection and exception, that after the deceased had been taken out from under the car by which he had been injured, and while he was being conveyed to the switch-house by his fellow-employes, some one asked him how the accident had happened, and he said, " I pulled the pin and made a grab for the car, and there was nothing there for me to grab." Another version given by the witness was that deceased said he cut off the car, and made a grab for the handle of the car, and there was nothing there for him.

The deceased was an employe of the defendant, and the sole ground upon which the plaintiff's claim to recover was founded was that the car which he was directed to detach from the train was not furnished with a horizontal grab-handle on its end, and that that alleged defect was the cause of the injury. The testimony thus erroneously admitted, therefore, tended to sustain the vital point of the plaintiff's case. The learned counsel for the respondent seeks to avoid the effect of the erroneous admission of this testimony by claiming that it did no harm, but we think that position cannot be maintained. Whether the car on which the deceased attempted to climb after he had cut it off was or was not furnished with a grab-handle, and whether or not he met his death in the manner in which the witness testified that he said he did, were contested questions of fact which were submitted to the jury, and the evidence of his declarations very soon after the accident must have had weight with them in determining those questions.

It is further contended that the defendant is precluded from insisting upon this exception, by having itself inquired into

the declarations of the deceased on the occasion referred to. One witness testified that he attributed the blame to one of his fellow-workmen, and another that when asked how he came to fall, he answered that he did not know. All this testimony was taken after the declarations of the deceased, while being taken to the switch-house, had been admitted notwithstanding the defendant's objection and exception, and was introduced by way of contradiction of the witness Malone, who had given the objectionable testimony. The defendant did not waive his objection and exception by attempting to disprove the matters testified to, or to prove facts inconsistent with them. A party excepting to the admission of testimony is not bound to concede its truth, or to refrain from combating it, in order to retain his exception.

There are numerous other exceptions in the case worthy of attention, but as they may not arise on another trial, it is needless to pass upon them now.

For the error pointed out the judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.