JAMES C. MASON, Plaintiff in Error, v. MORDECAI SUMMERS, Defendant in Error.

Kansas City Court of Appeals, January 10, 1887.

1. RES ADJUDICATA—EFFECT OF—ESTOPPEL.—The judgment of a court of competent jurisdiction, directly upon the same point, as a plea in bar, or as evidence conclusive between the same parties and their privies, is a complete estoppel in every other jurisdiction.

2. ———— HOW FAR THE RULE APPLIES—LIMITATIONS AS TO SET-OFF AND COUNTER-CLAIM.—The rule of *res adjudicata* applies to every point which properly belongs to the subject of litigation, and which the parties exercising reasonable diligence might have brought forward at the time. But the matters thus presumed to have been adjudicated must be such as are affirmed in the petition, or pleaded in defence, or such as might have been tendered as a matter of defence, but *does not extend* to matters which the defendant might have pleaded by way of *set-off or counter-claim*, but, in fact, did not set up. These he *may* produce, but is not bound to do so; but if he does submit such to litigation he is bound by the results.

ERROR to Ray Circuit Court, HON. GEORGE W. DUNN, Judge.

*Reversed and remanded with directions.*

Statement of case by the court.

This is an action in form for money had and received. The petition alleges that on the twenty-second day of March, 1883, the plaintiff and one Franklin Carter were partners, and that on that day they let the defendant have of their partnership money the sum of five hundred dollars, whereby defendant became indebted to them in that sum. It is alleged that since that time the co-partnership has been dissolved, and that plaintiff has become the successor to said claim by an assignment thereof, for value, by his said partner of his interest therein. The prayer is for judgment for said sum with interest, etc.

The answer, after tendering the general issue, pleaded that, on the said twenty-second day of March, 1883, he contracted with said partners for the purchase from them of a lot of fat cattle, to be kept by them for a given period of time, and delivered within a certain time and at a designated place; that, at the time of making said contract, the said Mason and Carter paid him thereon the sum of five hundred dollars, which is the same money mentioned in plaintiff's petition. The answer then alleges various breaches of said contract on the part of said Mason and Carter, in failing to deliver the said cattle according to contract, whereby he was damaged in the sum of about one thousand dollars. Defendant averred that he had kept and performed the contract on his part, but the same was broken by said Mason and Carter, wherefore he denied their right to recover back the said purchase money so paid.

The plaintiff replied, tendering the general issue as to so much of the new matter as not admitted. It was then alleged that the same matters on which defendant bases his answer had been fully adjudicated in the same circuit court in a former action, wherein the defendant here sued said Mason and Carter, to recover damages for the alleged breach of contract on their part, and the re-

ply claimed that the issue thus tendered by the answer was *res adjudicata.*

The cause was submitted for trial before the court, without the intervention of a jury. The plaintiff, to sustain the issues on his part, made proof of the partnership, as alleged in the petition, and of the written assignment to him of the interest of said Carter in said five hundred dollars.

The defendant put in evidence the written contract between him and Mason and Carter for the sale of said cattle, to be delivered at a future date, acknowledging the receipt of five hundred dollars, paid thereon. The defendant, over the objection of plaintiff, testified to the failure of said Mason and Carter to deliver the cattle according to the terms of the contract, and the amount of his damages consequent thereon, amounting to about one thousand dollars. He also testified that he had kept the said contract on his part.

The plaintiff, in rebuttal, then read in evidence the petition filed by defendant in the Ray circuit court in 1884, prior to this action, against said Mason and Carter, wherein he sued upon the said contract, alleging a performance thereof on his part, and the non-performance on the part of the said Mason and Carter, in that they failed to deliver the said cattle at the time and place agreed upon in said contract; and alleged that by reason of the premises he had sustained damages in the sum of one thousand dollars, and prayed judgment for the excess over the said sum of five hundred dollars, paid him on said contract by Mason and Carter. Also the answer of Mason and Carter thereto, in which they denied that plaintiff had kept and performed the said contract, and averring that defendants kept and performed the same. The answer further pleaded that, notwithstanding the failure of plaintiff to so keep and perform the contract, he retained and refused to return the said sum of five hundred dollars paid him thereon, though requested thereto, and judgment was asked therefor against the

plaintiff. Also the replication of plaintiff tendering the general issue. Also the written contract, heretofore mentioned, which was the predicate of the action. The plaintiff then read in evidence the record entry made in said cause, showing that in said action, prior to trial, the defendants therein had withdrawn that part of their answer respecting the counter-claim for said five hundred dollars.

The plaintiff also read in evidence the verdict of the jury therein, finding the issues for defendant, and the judgment of the court, that plaintiff take nothing by his said action, and that defendant go hence with his costs. This was all the evidence.

The plaintiff asked, and the court refused, the following declarations of law:

"1. If the court, sitting as a jury, believes from the evidence that the five hundred dollars sued for was paid to defendant as a bonus in part payment for a lot of cattle purchased by plaintiff and one Franklin A. Carter, from defendant; that said purchase was not consummated; that defendant brought suit against said parties in this court at February term, A. D., 1884, alleging that he had performed all the conditions of said contract for sale of said cattle, and that defendants had wholly failed to perform the conditions of the contract upon their part, and had failed to receive said cattle according to the terms and stipulations thereof, claiming damages, viz: The sum of ——— dollars for the alleged breaches of the conditions of said contract by said defendants; that said defendants in their answer denied a failure upon their part to perform the conditions of said contract, and alleged that plaintiff had failed to perform the conditions of the contract, and was not entitled to any judgment for damages; that defendants withdrew by entry of record from the consideration of the jury in said trial, the payment of said sum of five hundred dollars, paid as aforesaid; that there was at the term afore-

said a full and fair trial of the issue af᙮ ᙮esaid, and a verdict and judgment for said defendants; and further believes that said indebtedness of said Summers has since been assigned for value by said Carter to said Mason, then the finding should be for plaintiff for the amount claimed in the petition."

"2. That the trial of the issues involved in said contract as stated in the first instruction was a full adjudication of all claims of defendant for damages thereunder, and left defendant indebted to plaintiff and Franklin A. Carter in the sum claimed in the petition, and the defendant, by reason of the adjudication of his rights and claims under said contract in said trial is precluded from setting up any claim under said contract as a bar or defence to the recovery of the indebtedness claimed in the petition by plaintiff, said issues having been found against defendant in said trial, and the consideration of the amount herein sued for having been excluded from the consideration of the jury."

The defendant asked and the court gave the following declaration:

"That if the court finds from the evidence in this cause that the sum of five hundred dollars, sued for, was a part payment upon a contract for a lot of cattle sold by said defendant to Mason and Carter, and further, finds that the defendant performed the said contract on his part, and further finds that the said Mason and Carter failed to perform the contract on their part, then the plaintiff cannot recover in this action."

The court found the issues for defendant, and plaintiff prosecutes this writ of error.

JAMES L. FARRIS and JOSEPH E. BLACK, for the appellant.

I. The *same issues* set up in defendant's answer having been *fully adjudicated in another case* between plaintiff and defendant and his assignor, constitutes no legal defence herein. *Spalding v. Colway*, 51 Mo. 51.

And former adjudications are usually proved by the re-
cord.    *Sweet v. Maupin*, 47 Mo. 323.    The pleadings and
record in the former suit show plainly that the issues
determined therein are the same set up in defence in this
suit.

II.    An action for money had and received is the
proper remedy herein.    *Stewart v. Phy*, 18 Cent. Law
Jour. 335;  *Reubens v. Nat. Const. Co.*, 20 Cent. Law
Jour. 34.

III.    The claim for *money paid* by plaintiff herein
was *not involved* in the issues made by the pleadings in
the former suit between plaintiff and defendant, and
could not have been involved in the evidence, as it was
withdrawn by entry of record; and being a separate
claim of *set-off*, plaintiff is entitled to his separate action
thereon, and it was optional with him whether he should
set the same up in the former suit or not.    Wells on
*Res Adjudicata*, sect. 250;  *Barber v. Cleveland*,  19
Mich. 237;. *Thompson v. Windland*, 11 Mo. 245;  *Hick-
erson v. City of Mexico*, 58 Mo. 61.

IV.    The defendant has not set up in defence that
the amount claimed in this suit should have been
pleaded in defence in the former suit, and having failed
to make the defence in the court below, in the trial of
this cause therein, he cannot raise this objection for the
first time on appeal to this court.    *Alexander v. Hay-
den*, 2 Mo. 211;  *Swearingen v. Newman*, 4 Mo. 456 ;
*Cornelius v. Grant*, 8 Mo. 59 ;  *Boyce v. Burt*, 34 Mo. 74;
*Phillibut v. Burch*, 4 Mo. App. 470.

C. I. GARNER & SON, for the respondent.

I.    Plaintiff cannot recover, in this indirect manner,
money which, by the established principles of law, he
cannot recover directly.    *Stephens v. Beard*, 4 Wendell
(N. Y.) 605 ;  *Ketchum v. Evertson*, 14 Johnson (N. Y.)
358;  *Lawtry v. Parks*, 8 Cowen (N. Y.) 63;  *Ellis v.
Hoskins*, 14 Johnson (N. Y) 363.    The contract between
the parties defines, determines, and limits the rights,

liabilities, obligations, duties and remedies of the parties thereto ; and for any violation or breach thereof the suit must be brought *on the contract*, and no recovery can be had against a party, unless it appears that he failed to perform the contract.

II.   In the suit brought by defendant against the plaintiff on *this contract*, it was the duty of the plaintiff *at that time*, to seek a recovery of the money he now claims, if he was entitled to it.   The voluntary withdrawal of it, at that time, concludes the claim for it in the present action.   But the former suit does not conclude this defendant, as will appear from the pleadings and record.   *Miller v. Covert*, 1 Wend. (N. Y.) 487; *Willard v. Sperry*, 16 Johnson (N. Y.) 121 ; *Wagner v. Jacoby*, 26 Mo. 532 ; *Corby, Adm'r, v. Taylor*, 35 Mo. 447.

III.   In the present suit, the evidence showed that defendant performed his part of the contract, and that plaintiffs failed to perform their part of the contract. The law was correctly declared by the court, and the finding and judgment of the court was right, and for the right party.

PHILIPS, P. J.—I.   The first question for consideration on this record is, was the judgment in the former suit conclusive on the parties hereto as to the issues tendered in the answer of defendant herein ?   That the judgment is conclusive of every matter within the terms of the issues made by the pleadings therein, is too well settled to require the citation of any authorities.   The judgment of a court of competent jurisdiction, directly upon the same point, as a plea in bar, or as evidence conclusive between the same parties and their privies, is a complete estoppel in every other jurisdiction.   Wells on *Res Adjudicata*, ch. 22 ; *Henry v. Woods*, 77 Mo. 280 ; *Railroad v. Levy*, 17 Mo. App. 507.

The very question involved in the former litigation between the parties was, as to whether the plaintiff

therein had kept and performed the contract in question, and whether the defendants therein had violated it. Summers affirmed that he had kept and performed it, and that Mason and Carter had broken the agreement, while Mason and Carter denied that they had so broken it, and alleged that Summers had failed to keep it. That was the issue tried, and by the verdict of the jury and the judgment of the court we are bound to hold that the issue was found against the plaintiff therein, the defendant here.

The judgment, therefore, is conclusive on the parties herein as to such issues.

Yet it is perfectly apparent that the whole issue tendered by the defendant in the action under review is, that he had kept and performed the said contract, and that Mason and Carter had not done so, and that by reason of the premises the plaintiff is not entitled to recover herein. And it is manifest from the declarations of law given by the court that it held, if plaintiff had not performed and that defendant had performed the contract, the plaintiff was not entitled to recover. This clearly indicates that the court re-tried the issues litigated in the former action, in total disregard of the existence of the judgment therein. In this it was manifestly in error.

II. The plaintiff's action herein proceeds upon the theory that it having been judicially ascertained and established in the former proceeding and judgment between the same parties, or their privies, that the defend-ant, Summers, had not performed the contract, and was the party in default, he was not entitled to keep the money paid thereon by the other parties thereto. On this theory his form of action, as for money had and received, was well conceived. *Hill v. Reur*, 11 Met. 268; *Brown v. Harris*, 2 Gray, 359; *Lyon v. Annable*, 4 Conn. 350; *Appleton v Chase*, 19 Me. 74; *Smithhurst v. Woolston*, 5 Watts & S. 106; *Stewart v. Phy*, 11 Oregon,

It must, therefore, follow that plaintiff is entitled to recover, unless it can be maintained that this claim for the recovery of the five hundred dollars was embraced within the former adjudication. It may be conceded to defendant in error that where a given matter has become the subject of litigation, and has passed into judgment, the parties are required to bring forward their whole case, and they will be concluded as to every matter embraced within the terms of the issues made in the pleadings, or which might have been brought forward as part of the subject matter of the action or in defence. *Railroad v. Levy, supra,* 508, and authorities cited; *Aurora City v. West,* 7 Wall. 106. It is also said by courts and text writers that the rule of *res adjudicata* applies to every point which properly belonged to the subject of litigation, and which the parties exercising reasonable diligence might have brought forward at the time. But it will be seen, from an examination of the adjudicated cases making a practical application of this rule, that the matters thus presumed to have been adjudicated are such as are affirmed in the petition, or pleaded in defence, or such as might have been tendered as a matter of defence, but does not extend to matters which the defendant might have pleaded by way of set-off or counterclaim, but in fact did not set up. Wells, in his work on *res adjudicata,* section 250, speaking to this rule, says: "There are limitations, however, which we will notice below. There are some claims, as for instance, set-offs, and the like, which a party is not always bound to litigate in a pending action." Again, in section 268: "The question of cross-claims, or set-offs, requires our notice. It has been held that, where a defendant has a set-off, or counter-claim, applicable to the subject matter of a suit brought against him, he may produce it, but is not bound to do so. But if he does submit it to litigation, he is bound by the results. The parties are at liberty to settle their controversies in such cases in one suit, or by separate action; as, for example, a breach of warranty

in Michigan can be set up by way of recoupment of damages in an action for the purchase money of land, or, otherwise, be sued on separately, at the election of the defendant. And so in New York, in regard to a warranty of personal property. If a defendant sees proper he may allow judgment against him for the full value of the goods, and then bring an action for the breach of warranty, or he may recoup the damages resulting from the breach in the action against him for the price. The same has been held in Iowa." So in Alabama, in the case of *Robbins v. Harrison* (31 Ala. 163), it was held that, where a suit is brought for the purchase price of a horse, the defendant is at liberty to recoup damages for fraud in the sale, or he may allow judgment to go against him for the amount of the note, and then bring an independent action for the fraud. Without admitting that such a ruling would obtain in this state, under similar facts, in view of our practice act allowing the defence of a total or partial failure of consideration, where the defendant claims nothing more, yet the case is valuable as illustrating the tenacity with which courts maintain the principle that the defendant, under circumstances like this, is not concluded by a judgment against him as to the matter of set-off, or counter-claim.

When Mason and Carter were sued on the contract by Summers, they had a right to insist upon the simple defence that they were not in default, and that plaintiff himself had broken the contract, and they might have claimed a return of the purchase money paid by way of counter-claim. But this claim would not have been matter of defence to plaintiff's cause of action, but would, under the practice act, have been a counter-claim, pure and simple. As such, they had the right to withhold it until the determination of the action, to determine whether plaintiff or defendants had kept the contract. Had Summers prevailed in that action, unquestionably the judgment woud have been a bar to the present action, as it would have been a judicial ascer-

tainment of the fact that Mason and Carter were in default on their contract; and, therefore, the very foundation of the present action would have been swept away.

But the record in the original suit shows affirmatively that the defendants withdrew their counter-claim before trial and submission. This they had a right to do; and in such case it was not adjudicated upon. *Burwell v. Knight*, 51 Barb. 267, and authorities cited.

The argument of the learned counsel for defendant is, that as it was admitted by the pleadings that the five hundred dollars was paid on the contract, and the plaintiff only prayed judgment for the amount sustained in excess of the sum of five hundred dollars so paid him, this payment was in fact embraced within the substance of the issues. This is ingenious, but it does not stand to authority or sound logic.

If respondent's contention were tenable it at once becomes apparent that the plaintiff in an action for breach of such a contract, by merely admitting in his petition a fact which is undeniable as a part of the transaction, the receipt of a part of the purchase money when the contract was executory, and asking necessarily for a judgment after deducting the amount so received, could thereby compel the defendant, at the risk of a claim of *res adjudicata*, to bring forth his counter-claim, in addition to a general denial, which would be a complete defence to the action. If this be so, what becomes of the well recognized rule that the vendee, when sued on such contract for specific performance, or for breach, is not compellable to interpose his counter-claim? The defendant had a right to stand on a general denial, and if that defence was maintained the plaintiff was out of court.

As said in *Appleton v. Warner* (*supra*): "If the record, as in this case, shows that the claim was not tried and submitted, no other proof was necessary" on the part of the defendant. In *Barker et al. v. Cleveland* (1

Clarke (Mich.) 238), Cooley, Ch. J., speaking to a like principle, observed: "In the present case we do not deem it important to determine whether the justice * * * took into consideration the moneys, if any, paid towards the purchase price. If he did we think he went aside from the issues to do so, and could not thereby bind the vendor, who did not by his pleadings make the matter the subject of litigation in that suit. * *. * The payment of something towards the purchase price appears to have been brought before the justice in the suit * * * by their exhibiting a bill in which they charged Cleveland with one hundred dollars paid. Cleveland had no interest in disputing the payment in that suit, and we do not know whether the justice did or did not allow it to affect the damages he awarded. But, however that may be, it is clear, we think, that Cleveland's suit for the purchase price was not affected by any matter not in issue being brought to the notice of the justice, and proofs given concerning it by the plaintiff."

So in the former suit between Summers and Mason and Carter, the defendants had no interest in disputing the matter of the payment of the five hundred dollars, and we have no means of knowing, from this record, whether the jury allowed that fact to influence their verdict.

On the contrary the record shows affirmatively that Mason and Carter declined to submit their counter-claim for adjudication, and withdrew the same before trial and submission. There being no proof that the jury considered or passed upon the fact of such payment, or that it influenced their verdict, we must assume upon this record that the fact was adjudicated in that action, that defendants were not in default in their contract, and that plaintiff was. The unavoidable result, therefore, must follow that Summers held five hundred dollars of Mason and Carter's money to which he was not entitled, and the finding of the court should have been for the plaintiff on the uncontradicted evidence.

The judgment of the circuit court is, with the concurrence of the other judges, reversed, and the cause remanded to the circuit court, with directions to enter judgment for plaintiff for the recovery of the five hundred dollars, with interest thereon from the date of its receipt by defendant. All concur.