## DONNELL, Appellant, v. WRIGHT et al.

### Division One, February 15, 1899.*

1. **Practice:** JUDGMENT: FINALITY: EQUITY. The final decree of a court in equity upon a subject in controversy in a suit therein, is as binding as would be a judgment at law.

2. ——: ——: ——: RES ADJUDICATA: SPLITTING ACTIONS. The law does not favor the splitting of one's cause of action. So that, where one, as plaintiff in an equity suit to set aside a tax deed, alleged six grounds of its invalidity in the petition, and only five were urged in the instructions and on appeal, all of which were overruled in a general decree in favor of the validity of the deed, he can not, as defendant in a subsequent suit in ejectment founded on said tax deed, urge as a defense, the sixth ground abandoned by him on the former trial.

*NOTE.—Decided December 23, 1898. Motion for rehearing filed; overruled February 15, 1899.

3. ——: ——: ——: ——: GENERAL RULE. All the issues which might have been raised and litigated in any case are as completely barred by the final decree therein, as if they had been directly adjudicated and included in the verdict.

4. ——: ——: ——: ——: WAIVER. Where one is constrained by reason of the adverse ruling of the trial court to offer evidence in defense of an issue which he contends has been adjudicated on a former trial, he does not thereby waive his right to insist on the former judgment as a complete adjudication of the issue.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED.

R. B. GARNETT for appellant.

(1) The case of Lynch v. Donnell, 104 Mo. 519, having been by a bill in equity, and having been submitted to the Supreme Court for review on its merits, the decision thereon and judgment dismissing the bill had the force and effect of a judgment at law, and was, therefore, *res adjudicata* as to all matters in issue therein. 21 Am. and Eng. Ency. of Law, 272; Railroad v. Levy, 17 Mo. App. 507; Offut v. John, 8 Mo. 120; Laffoon v. Fretwell, 24 Mo. App. 263. (2) This suit of Lynch v. Donnell, the record of which was introduced in evidence on behalf of plaintiff, was an action to quiet title, and therefore came under the general rule that "anything which might have been proven in an action to quiet title will be barred." Hacksworth v. Zollars, 30 Ia. 433; Gas Co. v. Keokuk, 80 Ia. 137; Murrell v. Smith, 51 Ala. 301. (3) The trial court can not be sustained in its instruction submitting to the jury the same issues involved in Lynch v. Donnell, on the theory that plaintiff therein did not offer evidence to support all the reasons alleged against the validity of the tax bill. Bassett v. Railroad, 150 Mass. 178; Sutton v. Dameron, 100 Mo. 141; Crowley v. Mellon, 52 Ark. 1; McWilliams v. Walthall, 77

Ga. 7.  (4)  All the issues raised by the pleadings and evidence in. this case were passed upon, decided and settled in the case of Lynch v. Donnell, and it was error in the trial court to allow the jury to set aside the judgment of this court and practically retry that suit and that, too, upon substantially the same evidence.  Chouteau v. Gibson, 76 Mo. 38; Preston v. Rickets, 91 Mo. 320; Edgell v. Singerson, 26 Mo. 583; Bobb v. Graham, 89 Mo. 200; Mason v. Summers, 24 Mo. App. 174; Armstrong v. City, 69 Mo. 310; Cardwell v. White, 77 Mo. 471; Case v. Gorton, 33 Mo. App. 597; Nave v. Adams, 107 Mo. 415.

R. J. INGRAHAM and C. O. TICHENOR for respondents.

(1)  The only question submitted to the jury was as to fraud by Donnell in his purchase at the tax sale.  The whole brief of appellant is devoted to this point; not that the jury were not instructed correctly on this point, but that this matter had been settled by another suit.  So confident were appellant's counsel below of their powers of argument and persuasion, that they submitted this point by no less than three instructions, and had it in another instruction which was refused.  It may be, however, that they did not have the heart to stand up before a jury and ask them to give to plaintiff a piece of ground in Kansas City which at one time sold for $3,000 and for which he paid $21.61, if the purchase was tainted with fraud.  These instructions given at the instance of plaintiff were not in general language defining fraud, but squarely told the jury that plaintiff was willing to be beaten, if they believed from the evidence that he had been guilty of fraud in the purchase at the tax sale. The jury took him at his word and found against him, upon the evidence submitted on this point, not only by defendants but also by the plaintiff himself; and they were sworn to try the case upon the evidence and the instructions.  Now,

by new counsel, plaintff says:    "It is true that I was willing
to open up the matter and submit the question upon my evi-
dence and instructions, but I made a mistake and I wish
relief from this court." Judge SHERWOOD says, in Whitmore
v. Sup. Lodge, etc., 100 Mo. 47, "Where a party has asked
similar instructions to those given, he is in no position to
complain," citing cases.    Bensick v. Cook, 110 Mo. 182;
Berkson v. Railroad, 144 Mo. 220; Johnson-Brinkman Co.
v. Bank, 116 Mo. 569; Hilz v. Railroad, 101 Mo. 42; Megerle
v. Ashe, 33 Cal. 74; Mach v. Levy, 60 Fed. Rep. 751.
(2)    The point which counsel claims to be *res adjudicata*
was not referred to in the opinion which is careful to note
what is passed upon and the reasons for the decree which
was rendered by this court.    Not only this, but evidence
was introduced upon the trial of this case, which showed that
no evidence was offered in the first case upon the question of
fraud in the purchase, or for any such purpose.    So then the
case stands thus:    A suit is brought to set aside a deed by
one in possession upon six grounds.    These grounds are
separate and independent, being in no way connected with
each other; each was a reason in and of itself for setting
aside the deed.    The case could not go out of court simply
because one ground had been abandoned.    The sixth ground
was abandoned, inasmuch as it was necessary to offer evi-
dence to sustain it and no evidence was so offered, and it
was not even urged in the lower or upper court; this court
did not consider it and found for defendant upon the five
other grounds alone, wholly ignoring the sixth.    The sixth
ground was outside the case as submitted and decided.    Now,
under such circumstances, is the defendant, when sued in
ejectment by the defendant in the original case, prevented
from relying upon this sixth ground as a legal defense?
Wright v. Salisbury, 46 Mo. 28; Overall v. Ellis, 38 Mo. 209;
Wells v. Moore, 49 Mo. 230; Bank v. Taylor, 62 Mo. 340;
Spradling v. Conway, 51 Mo. 53; State ex rel. v. Branch,

134 Mo. 603; Cromwell v. County of Sac, 94 U. S. 351; Baker v. Lane, 137 Mo. 688; Nelson v. Barnett, 123 Mo. 571; St. Joseph v. Railroad, 116 Mo. 643; DeSollar v. Hanscome, 158 U. S. 216; Lewis v. Railroad, 125 N. Y. 348; Lindley v. Snell, 80 Ia. 109; Cunningham v. Foster, 49 Me. 70; Hungerford's Appeal, 41 Conn. 327. (3) It is proper to look at the opinion of the court to see what was determined. Hood v. Hood, 110 Mass. 463; LeGrand v. Rixey's Adm'r, 83 Va. 876. This suit is an ejectment. The other was in equity. Stone v. St. Louis, etc. Co., 155 Mass. 271; Wright v. Guffey, 147 Ill. 498; Packet Co. v. Sickels, 5 Wall. 592.

R. B. Garnett for appellant in reply.

Plaintiff did not waive his right in this behalf. The record shows clearly that plaintiff objected to the introduction of the evidence, so called, of defendants to show a rotation and fraudulent combine in bidding at the tax sale. It also shows that the court overruled the objections, and that plaintiff at the time excepted. It also shows that the reasons for plaintiff's objections were given at the time, that such evidence was incompetent and immaterial, and further that the matter was determined in the case of Lynch v. Donnell: Megerle v. Ashe, 33 Cal. 74; Baker v. Railroad, 126 Mo. 151; Tobin v. Railroad, 18 S. W. Rep. 996; Martin v. Railroad, 103 N. Y. 626; Harding v. Wright, 119 Mo. 1.

BRACE, P. J.—This is an action in ejectment to recover possession of part of a lot in block 31 in McGee's addition to the City of Kansas. The petition is in common form, the answer a general denial. The verdict and judgment was for the defendants, and the plaintiff appeals.

The defendant Robert Taubman is the landlord and the other defendants his tenants in possession.

The plaintiff claims title under a city tax deed, duly executed, acknowledged and recorded, and dated January 13, 1885. The defendants claim title under a quitclaim deed from Mary K. Lynch to Taubman, dated January 22, 1891. Previous to this deed Taubman had by general warranty deed dated June 24, 1886, conveyed the premises to Mrs. Lynch and received a part of the purchase money. But being unable to consummate the trade, by reason of plaintiff's outstanding tax title, a suit was instituted in the Jackson circuit court, in the name of Mrs. Lynch against the plaintiff to cancel and annul the tax deed as a cloud upon her title. This suit was instituted, maintained and prosecuted by the defendant Taubman. The gravemen of the cause of action as stated in the petition being as follows: "That notwithstanding the recitals in said tax deed plaintiff alleges the fact to be that only a part of any of the alleged taxes for the year 1882, were of any validity. . . . That said pretended tax sale, if made, was made for such illegal taxes, with interest thereon; that said pretended sale was not advertised nor made according to, but in disregard of, the provisions of the charter of the City of Kansas, Missouri; that the pretended tax sale for the year 1882, by said city, began on the sixth day of November, 1882, the first Monday of said month; that no notice thereof had been published in any newspaper published in said city, nor was any written notice thereof posted up by the city collector in the four most public places in the City of Kansas for at least three weeks before the day of sale; nor had the city collector, on or before the eighth day of December, 1882, filed in the office of the city auditor a copy of any such written notice, with his certificate indorsed thereon, setting forth that any such notice had been posted up in the four most public places in the City of Kansas, at least three weeks before the day of sale, as required by law, if any such notice had been given; that the city collector did not at his

office, on the first Monday in November, 1882, at the hour of ten o'clock in the forenoon, offer for sale each tract or parcel of real property on which the taxes, interest and costs, or special assessments, had not been paid, and did not continue the sale from day to day up to December 8, 1882, between the hours of 10 o'clock in the forenoon and 5 o'clock in the afternoon, as long as there were bidders, or until the taxes were 'all paid. That at such sale, on the 8th day of December, 1882, the bidders in attendance thereat confederated with each other not to bid against each other for the property there offered for sale, and the tract or lot aforesaid was bid off by defendant in pursuance and at the time of such understanding, and acting thereon." ·

Issue was joined upon these allegations of the petition, the issue found for Mrs. Lynch in the circuit court and a judgment rendered setting aside the tax deed, from which Donnell appealed to this court, where the judgment was reversed at the April term, 1891. [Lynch v. Donnell, 104 Mo. 530.] Afterwards on the tenth of January, 1895, this suit was instituted. On the trial for the purpose of invalidating the tax deed, the defendants were permitted to introduce in evidence the bill of exceptions in the case of Lynch v. Donnell, and other evidence tending to prove the last allegation in the petition in that case, and that issue was submitted to the jury on the following instruction for the defendants.

"1. You are instructed that if you believe from the evidence that the bidders at the sale on the day when the land in controversy was sold for taxes had an agreement or understanding with each other to take turns in bidding, and not to bid against each other, and that they acted under and carried out such agreement as to the property sued for, then your verdict must be for the defendants."

To all of which the plaintiff persistently objected and excepted, contending as he still does, that that issue was

adjudicated in the former case. Whether it was or not is the controlling question in this case.

I. Counsel for defendants contend that it was not so adjudicated for the reason that the last allegation in the petition in the former case was practically abandoned, no evidence introduced on the trial for the purpose of supporting it, and the same was not pressed upon the attention of, nor passed upon by this court in its opinion in that case. The question passed upon in that case was the validity of the tax deed sought to be set aside. Six grounds were predicated in the petition upon which it was asked that it might be declared invalid. Five only of these reasons were urged in this court and none of them being found tenable, the deed was held to be valid. The defendants in this action now raise precisely the same question by attacking the validity of the same deed, and ask in effect that it be set aside upon the sixth ground of the petition not urged in the former case. And this the trial court permitted to be done. Surely it committed error in so doing unless the maxim *nemo bis vexari pro eadem causa,* be entirely disregarded. If the reasoning of counsel in support of this second attack be sound, then he would have been in a better position if he had only urged one of the vices charged against the deed in the first suit and reserved the other five for subsequent use as occasion might demand, and thus one's cause of action might be split up indefinitely in contravention of the well settled doctrine on that subject. [Bank v. Tracey, 141 Mo. 252; Moran v. Plankinton, 64 Mo. 337; Railroad v. Traube, 59 Mo. 355; Wagner v. Jacoby, 26 Mo. 532.] The mistake consists in regarding each issue in the case, as a separate and independent cause of action. The settled law is that the final decree of a court of equity upon a subject in controversy between parties to a suit therein is as binding as would be a judgment at law. [Pennington v. Gibson, 16 How. U. S. 65.] That "Where a given matter becomes the

subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence or even accident omitted part of their case. The plea of *res adjudicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence might have brought forward at the time." [Henderson v. Henderson, 3 Hare, loc. cit. 114.] Or as expressed in the language of PHILIPS, P. J., in Railroad v. Levy, 17 Mo. App. 507: "When the merits of the controversy were at issue in the first suit, every objection urged in the second suit having been open to the party within the legitimate scope of the pleadings of the first action, and the whole defense might have been presented in that trial, the matter is *res adjudicata* and must be considered as concluded by the former judgment." And this is in harmony with all our rulings on this subject. [Shelbina Hotel Ass'n v. Parker, 58 Mo. 327; Railroad v. Traube, 59 Mo. 355; Comstock v. Davis, 51 Mo. 569; Greenabaum v. Elliott, 60 Mo. 25; Caldwell v. White, 77 Mo. 471.]

This is not only the English rule and the rule in this State, but generally "the tendency of the American cases is to regard all the issues which might have been raised and litigated in any case to be as completely barred as if they had been directly adjudicated and included in the verdict." [21 Am. and Eng. Ency of Law, 216 and 217, and notes.] In Chiles v. Champenois, 69 Miss. 608, it was said: "There is nothing peculiar to the proceeding by bill to cancel clouds upon

titles, by reason of which a greater or less force should be given to the decisions of the courts on such bills. Whether one proceed in equity to cancel as a cloud the adversary title, or bring an action at law to recover on the legal title, the judgment of the court upon the issues presented must be equally conclusive. In either case, a court of competent jurisdiction applies the law to the facts proved and involved in the material issue on which the right of the parties rests, and this is adjudication;" and it was accordingly held in that case that a decree on final hearing dismissing complainant's bill, "though resulting from a defect of proof is *res adjudicata,* and bars a subsequent suit by him against the same parties involving the title to the same land." The material issue upon which the rights of the parties rested in the case of Lynch v. Donnell was: Whether or not the plaintiff's tax deed is valid? The issue upon which the rights of the same parties in interest rest in this case is the same and the defendants are barred by the former adjudication.

2.    It is contended, however, that the plaintiff waived this bar by offering evidence and asking instructions on the issue submitted to the jury. Had he voluntarily done so, this might have been the case, but as he was constrained to this course by the adverse rulings of the court he is not precluded from insisting on the error. [Barker v. Railroad, 126 Mo. 143; Tobin v. Railroad, 18 S. W. Rep. 998; Martin v. Railroad, 103 N. Y. 626.]

The judgment of the circuit court is reversed. All concur.