Brown v. Chadwick.

the motion to quash and proceed with the trial of the case. EWING, C., concurs; MARTIN, C., absent.

------

BROWN v. CHADWICK, *Appellant.*

1. **Guardian and Ward**: WARD NOT LIABLE TO PERSONAL JUDGMENT. It is well settled that the probate court cannot render a judgment against a ward which shall bind him personally. If upon a settlement it appears that the guardian has expended more money for the use of the ward than came into his hands, and a balance is found due the guardian, the probate court has no power to render judgment against the ward for the balance; nor does the finding have the force and effect of a judgment; neither can the guardian have recourse on the ward for such balance, unless there be an express or implied promise by the ward to pay; and this is so, even though the settlement be final, and the ward of full age and present in court when it is made.

2. **Case Adjudged.** The guardian of a person of full age, lately insane but found by the court to have been restored to sanity, paid over to his late ward a sum of money as the balance of his estate unexpended. Upon a final settlement in the probate court subsequently made by the guardian, it was found by the court that there was a balance due the guardian. The ex-ward was present and examined the account. In an action by the guardian to recover this balance; *Held*, that the record of the probate court was not admissible as a judgment, but was admissible as tending to show a settlement *inter partes.*

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED

O. D. *Jones* and *James Ellison* for appellant

*W. W. Cover* for respondent.

EWING, C.—The appellant was declared to be insane by

the probate court of Knox county, and the respondent was appointed the guardian of his person and estate. Afterward, upon a proceeding in the same court, he was declared sane and of sound mind, and the guardian, Brown, was ordered to make a final settlement and turn over the surplus in his hands to his ward. Afterward, the said Brown presented his final settlement to the said probate court, and, as the record shows, he and his attorney and the said Chadwick and his attorney were present in court, examined the settlement, and the court also examined the settlement, which showed a balance due the guardian, for moneys paid out, of $145; whereupon the record shows the court approved the settlement and discharged the guardian. The record also shows that the said Chadwick was then present in his own proper person, having been previously adjudged to be restored to his right mind. The settlement shows that the guardian had turned over to his restored ward $1,492, as the balance of the estate in his hands unexpended. The respondent thereupon commenced suit in the circuit court of Knox county on this final settlement to recover of Chadwick the $145 so found to be due him. The venue of the case was taken to Adair, where there was judgment for Brown, and the appellant brings the case here.

The case was tried and disposed of upon the theory that this was a final judgment of a court of record unreversed and could not be collaterally attacked. The answer pleaded no jurisdiction in the probate court over the alleged insane man, because no notice was given him, but the record offered in evidence shows that upon the trial of the question of insanity "the parties appearing and declaring themselves ready for trial, the cause is submitted, evidence adduced before the jury, who after argument of counsel," etc. The answer admits the settlement, but denies the legality of the guardianship; puts in issue the legality of all the proceedings of the probate court and the guardian's proceedings thereunder. Upon the trial the plaintiff offered in evidence the record of the proceedings of the probate court

declaring appellant insane, also of the final settlement, etc., which was objected to by the defendant for want of jurisdiction; for want of power to render a judgment against the appellant; " because the petition does not state facts that show a legal liability or an implied promise or obligation of defendant to pay the matters claimed in the petition." The objections were overruled and a judgment was had against the defendant for $145.14.

It is a well settled principle of law that probate courts cannot render judgments against wards which shall bind them personally. If upon settlement by such court it appear that the guardian has expended more money for the use of the ward than came into his hands, and a balance is found due the guardian, the probate court has no power to render judgment against the ward for such sum. Such finding does not have the force and effect of a personal judgment against the ward, nor can the guardian have recourse on the ward for such balance, unless there be an express or implied promise to pay it by the ward. This is so even though the settlement may be final and the ward of full age and present in court when the settlement is made. *Wyatt v. Woods*, 31 Mo. 351; *Frost v. Winston*, 32 Mo. 489; *Duval v. Chaudron*, 10 Ala. 391; *In re Richards*, 6 Serg. & R. 462. No person can make another his debtor without the consent of the party benefited. There must be a previous request, express or implied, or an assent or sanction after the money is paid or the act done. *Allen v. Richmond College*, 41 Mo. 303.

The record of the probate court was not admissible in evidence to show a judgment against the appellant; but upon a proper pleading on the part of the plaintiff it would be admissible as tending to show a settlement between the respondent and appellant. The appellant cannot attack the final settlement of the probate court collaterally. It can only be looked into upon a proper proceeding directly for fraud or mistake. The court below erred in admitting the record of the probate court as evidence of a judgment

against the appellant, and in admitting it for any purpose upon the plaintiff's pleading.

The judgment will be reversed and the cause remanded; PHILIPS, C., concurring ; MARTIN, C., absent.