ED. J. BROWN, Respondent, v. ALBERT F. CHADWICK, Appellant.

Kansas City Court of Appeals, December 20, 1888.

1. **Practice**: CAUSE OF ACTION : WHEN VARIOUS CAUSES ARISE OUT OF ONE TRANSACTION. The statute of this state, as to pleading, etc. (R. S., art. 5, sec. 3512), recognizes that various causes of action may originate out of the same transaction by providing that all such causes of action may be united in the same petition.

2. ———— : ———— : CASE ADJUDGED. The cause of action stated in this case is based upon a settlement between plaintiff and defendant and a promise by the latter to pay the amount thus found to be due to the former; the cause of action set up in defense was based upon the payment by the plaintiff after said settlement, of moneys for the use of the defendant. These two causes of action were as distinct as if they had grown out of separate transactions, and although they could have been united in the same petition they could not have been properly united in the same count of the petition. The payment of the one after the settlement was in no way connected with the settlement, and the plea of judgment on the one is no defense to a suit on the other.

3. ———— : INSTRUCTIONS : WHEN NO ERROR FOR REFUSING. There is no error in the refusal of an instruction, when the substance and effect of it have already been given in another instruction in the same cause.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

The case is stated in the opinion.

*P. F. Greenwood*, for the appellant.

(1) The distinction between demands or rights of action which are single and entire and those which are several and distinct is that the former immediately arise out of one and the same act and the latter out of different acts and contracts. *Secor v. Sturgis*, 16 N. Y. 548;

*Wagner v. Jacoby*, 26 Mo. 532; *Flaherty v. Taylor*, 35 Mo. 447; *Trans. Co. v. Trabue*, 63 Mo. 355; *Peiffer v. Suss*, 73 Mo. 245. (2) The authorities above cited show that the judgment before Kelso was a full and complete bar to any recovery by plaintiff. It is admitted the debt was all due before suit was brought for any; all originates from one transaction. (3) The court should have given the instruction asked by defendant, that the settlement introduced in evidence was only admissible as tending to show a settlement. *Brown v. Chadwick*, 79 Mo. 587. (4) Defendant relies upon a reversal of this cause for the reason the court erred in declaring the law for plaintiff as requested, and in refusing to declare the law as asked by the defendant.

*Sears & Guthrie*, for the respondent.

(1) The transaction out of which defendant's liability arises was his promise and agreement at and after the settlement made with the court, and not out of the guardianship. *Brown v. Chadwick*, 79 Mo. 587. He did not promise to pay plaintiff the asylum account paid for defendant and was never bound thereby. *Brown v. Chadwick, supra*. (2) The two transactions are separate and distinct. "But there must be either an express contract, or the circumstances must be such as to raise an implied contract, embracing all the items, where they arise at different times, to constitute a single or entire demand or cause of action." *Secor v. Sturgis*, 16 N. Y. 558. "The rule," that suit on a part of a demand, "although a salutary one, is of a technical character, and a case must be brought strictly within it to give it effect." *Secor v. Sturgis*, 16 N. Y. 560. "Where the demand results from several and distinct transactions, the current of authority seems to sustain the proposition, that the demand is divisible, the items pertaining to each several transaction, being the subject of a distinct action." *Flaherty v. Taylor*, 35 Mo. 451. It is submitted that the contracts in the case at bar are more distinct and several than the principal and interest

of a note due in one year with interest payable semi-annually, where after the second year judgment taken for two years' interests, is held not a bar to a subsequent action on the note for the principal. *Dunleary v. Payne*, 161 Ill. 325. Defendant's instructions were properly refused. (3) The admission made of record left only one question for the jury, to-wit: Did Chadwick, at the settlement or afterward, promise to pay Brown the balance shown by the settlement, $145.16? In the instructions given the court in effect told the jury that said settlement was no evidence against defendant and that the burden was upon plaintiff to show that defendant had promised and agreed to pay the balance shown. The instructions given were more favorable to defendant than the refused instruction; and he cannot complain. *Brown v. Chadwick, supra*, and cases cited. As soon as Chadwick promised to pay the balance, Brown's right of action accrued. *Kronenberger v. Binz*, 56 Mo. 121.

HALL, J.—The defendant was declared to be insane by the probate court of Knox county, and the plaintiff was duly appointed his guardian. Afterward, in the same court, the defendant was declared sane and of sound mind, and the plaintiff was ordered to make a final settlement, and turn over the surplus in his hands to his ward. The plaintiff accordingly presented his final settlement, which, after an examination by the defendant and his attorney, and by the court, was duly approved, and plaintiff was discharged as guardian. The settlement showed a balance due the plaintiff of $145.14 for moneys paid out by him for his ward. After the final settlement, the authorities in charge of the asylum in which the defendant was during his insanity sent to plaintiff an account for $12.47 for keeping and clothing his former ward while in the asylum. This account the plaintiff paid. The original petition in this case was in two counts. The first count was based on the final settlement as a judgment, and was for the recovery of the

amount therein found to be due to the plaintiff; the second count was as follows: "Plaintiff further states that the defendant owes and is justly indebted to him in the sum of $12.47 for money paid by him to the state lunatic asylum in January, 1879, for board, clothing and care furnished and rendered defendant by said asylum in the year 1878, when said defendant was being taken care of as an insane person by said asylum as the ward of plaintiff. Plaintiff says that said $12.47 is still due and owing to him from the defendant, for which, with interest and costs of suit, he asks judgment." This suit was brought in Knox county, but was sent on change of venue to Adair county. In the latter court, the plaintiff dismissed as to the second count of the petition, after which the plaintiff instituted a suit for the sum sued for in said count of the petition before a justice of the peace of Knox county, by filing an account for that sum against the defendant. The plaintiff went to trial on the first count of the petition in the Adair court, and had judgment. The court tried the case on the theory that the final settlement was a final judgment against the defendant, conclusive and binding upon him. The defendant appealed to the supreme court, and the judgment was reversed, that court holding that the final settlement was not a judgment, but had the effect only of tending to show a settlement *inter partes*, and that the plaintiff could not recover the amount thus found due to him, or any part of it, without alleging and proving an express or implied promise. The case was remanded in order to give the plaintiff an opportunity to make the necessary averments in an amended petition, and to introduce the necessary proof, if the facts justified him in so doing. *Brown v. Chadwick*, 79 Mo. 587. The plaintiff filed an amended petition alleging that the defendant was present in the probate court at the time the final settlement was made, and that he then and there, and afterwards, promised to pay the amount thus found due to plaintiff. The plaintiff had judgment before the justice of the peace on the account filed with him. And that

judgment was pleaded by the defendant, in his answer to the amended petition, as a bar to this action, on the ground that that account and the amount found due to the plaintiff by the settlement constituted a single demand, and that the judgment on the account brings this case within the familiar rule that if a party will sue and recover for a portion of an entire cause of action, he shall be barred of the residue. The court below held that the judgment before the justice of the peace was not a bar to the plaintiff's recovery in this case. From a judgment against him, the defendant has appealed to this court.

The question is, did the account filed with the justice of the peace and the sum claimed in the present suit make one entire cause of action? The cause of action based on the account and the cause of action stated in this case are separate and distinct causes of action. The fact that they may be said to have grown out of the same transaction, viz., the guardianship of the plaintiff, in no wise tends to show that the two demands constituted a single cause of action. The statute recognizes that various causes of action may originate out of the same transaction by providing that all such causes of action may be united in the same petition. The cause of action stated in this case is based upon a settlement between plaintiff and defendant and a promise by the latter to pay the amount thus found to be due to the former; the cause of action stated in the suit before the justice of the peace was based upon the payment by the plaintiff after the said settlement of moneys for the use of the defendant. These two causes of action were as distinct as if they had grown out of separate transactions, and although they could have been united in the same petition, they could not have been properly united in the same count of the petition. The payment of the sum after the settlement was in no way connected with the settlement, and hence could not have been recovered in a lump with the amount of the settlement. The defendant also complains of the court's refusal of the following instruction: "The jury are

instructed that the probate record and the settlement of Brown read in evidence are only admissible in evidence as tending to show a settlement between Brown and Chadwick." There was no error in such refusal, since the court had properly declared the effect of such settlement in the following instruction given for the plaintiff : "3. This settlement, however, is not binding on defendant Chadwick, unless the jury believe, from the evidence, that Chadwick, at the time it was made, or afterwards, promised to pay plaintiff Brown the amount therein shown to be due."

Judgment affirmed. RAMSAY, J., concurs; ELLISON, P. J., not sitting.