ADAMS & GARRETT et al. v. RANDLE.
(No. 5331.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 4, 1914. Rehearing Denied Dec. 9, 1914.)

BROKERS (§ 73*)—COMMISSIONS—PERSONS ENTITLED.

Where a partner of a real estate firm obtaining an exclusive contract to procure a purchaser of real estate for a commission placed the property before a third person, who examined the property and bought from the owner, who knew that the partner had assisted in bringing about the sale, the partner purchasing the copartner's interest could recover the commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 59–61; Dec. Dig. § 73.*]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by J. J. Randle against William Adams and another, composing the firm of Adams & Garrett. From a judgment for plaintiff, defendants appeal. Affirmed.

Jno. C. Scott, of Corpus Christi, for appellants. Jas. M. Taylor and Pope & Sutherland, all of Corpus Christi, for appellee.

CARL, J. Appellee, J. J. Randle, brought this suit against William Adams and H. W. Garrett, composing the firm of Adams & Gar-

rett, and alleged substantially: That about March 17, 1907, appellee and one C. W. Gibson were in the real estate business in Corpus Christi, doing business under the name of Randle-Gibson Realty Company; that about said date Adams & Garrett entered into a contract with said company whereby they listed for sale 7,103 acres of land near Alice, in what is now Jim Wells county, at $10.50 per acre; that there was no time limit placed thereon; and that the company was to receive as "commission for any sale or purchaser procured through them or their efforts the sum of 50 cents per acre, the land to be sold at $11 per acre; that the Randle-Gibson Realty Company was to have the sole and exclusive agency for the sale thereof, subject only to the right of the owners to sell the same to any one to whom said land had not been offered or put up to by the said Randle-Gibson Realty Company."

It is alleged that about April 7, 1907, J. J. Randle, a member of said firm, offered or put up said land for sale to one Clark Pease, who was then acting for himself and S. Guggenheim and H. Cohn, at said price of $11 per acre, and gave the said Pease the names of the owners of the land, and the said land was also put up to said Clark Pease at the same price by subagents of Randle-Gibson Realty Company, and that about April 14, 1907, the said Pease called upon Adams & Garrett, without the knowledge of the realty company, and entered into a contract to purchase the land for himself, Guggenheim, and Cohn; that Adams knew at the time of the sale that Pease and his associates were the customers produced by the realty company, and that said land was so sold to Pease and associates at $10.50 per acre. It is also alleged that Gibson sold his interest in the commission claim to Randle.

The said Adams & Garrett joined the issue on all these matters, and impleaded Clark Pease, S. Guggenheim, and H. Cohn on a bond of indemnity they gave Adams against the payment of the commission sued for. The suit as to Garrett was dismissed, and in a trial before a jury judgment went for Randle against Adams for the full amount sued for, and in favor of Adams over against the said Pease, Guggenheim, and Cohn on the bond. These sureties alone appeal.

### Conclusions of Fact.

In deference to the finding of the jury, we conclude that the Randle-Gibson Realty Company had an exclusive contract of agency for the sale of the 7,103 acres of land; that J. J. Randle placed same before Clark Pease, who was acting for himself and Guggenheim and Cohn, and induced Pease to look at the ranch and did what he could to bring about a sale thereof; that Pease and associates did buy said land; and Adams, the owner of same, knew that Randle had assisted in

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

bringing about the sale before the contract was made, and on that account exacted a bond of indemnity of the purchasers before he would close the sale. We find that J. J. Randle, acting for Randle-Gibson Realty Company, was the procuring cause of the sale to the said Pease and associates. Gibson sold his interest in the commission claim to Randle.

### Conclusions of Law.

Since the Randle-Gibson Realty Company, through J. J. Randle was the procuring cause of the sale, and had an exclusive contract, appellee, having purchased the claim, was entitled to recover as found by the jury.

The judgment is in all things affirmed.