J. W. HASTINGS, Appellant, v. J. A. SWINDLE, Respondent.

Springfield Court of Appeals, December 16, 1920.

1. **APPEAL AND ERROR:** Error in Submitting Case to Jury Where Equitable Relief was Asked Held Harmless. In an action on a note given for part of the purchase price of land, where defendant set up a counterclaim based upon fraud and deceit and asked the affirmative relief of having the note cancelled, submitting the case to the jury could not harm the plaintiff, where he got judgment for the full amount asked for on his note, and the jury rendered judgment in favor of defendant on the counterclaim for the same amount.

2. **JUDGMENT:** Judgment in Ejectment Held Not Bar to Counterclaim in Action on Note Given on Purchase Price. Where suit was brought in ejectment by the vendor of a farm after default had been made by defendant, and defendant set up a counterclaim for damages based on certain fraudulent representations, and judgment was for plaintiff, such judgment was no bar to a counterclaim based upon the same fraudulent representations in an action by the plaintiff on a note given for a part of the purchase price of the land, where the counterclaim in the first suit was not urged by the defendant and no disposition whatever was made in the judgment concerning it.

3. ————: Res Judicata Only as to Questions Actually Tried. Where one seeks to apply the estoppel of a judgment rendered upon a cause of action to matters arising in a suit upon a different cause of action, the inquiry must be as to the questions actually tried and determined in the original action, not what might have been litigated and determined.

4. FRAUD: Representations Concerning Quality of Land, Held Representations of Fact Amounting to Fraud. Statements of vendor that timber on land was good and merchantable, that cistern and ponds were lasting water, and that 190 acres of the land were in cultivation, were representations of fact which, if untrue, amounted to fraud.

5. APPEAL AND ERROR: Verdict Supported by Substantial Evidence not Disturbed. There being substantial evidence to sustain a verdict, appellate court is not permitted to interfere therewith.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*Wm. Morgan* and *Wammack Welborn* for appellant.

(1.)  This suit is in equity and the court erred in submitting the same to the jury. Bouton v. Pippin, 192 Mo. 469; Pitts v. Pitts, 201 Mo. 356, 1. c. 359.   (2) The court erred in overruling plaintiff's plea of *res adju-dicata*.   St. Louis v. United Ry., 263 Mo. 423; Stone v. Railroad, 261 Mo. 78; State ex rel. v. Patton, 271 Mo. 559; Boas v. Branch, 208 S. W. 86.   (3) The evidence in the case does not establish fraud.   Anderson v. Mc-Pike, 86 Mo. 300; Chas. v. Rush, 90 Mo. App. 29; Brown v. Lead and Zinc Mining Co., 194 Mo. 704; Lewis v. Land Co., 124 Mo. 672.

*George Munger* for respondent.

(1) A judgment in a former cause in not *res judicata* so as to preclude further litigation.   (a)  Where it is uncertain and indefinite as to point determined.   24 Am. & Eng. Ency. Law 773.   (b)  Where matters

sought to be barred are only collaterally or incidentally considered. Ridgley v. Stillwell, 27 Mo. 132; Fish v. Lightner, 44 Mo. 270. (c) Where point sought to be barred was not in issue in former case. Garland v. Smith, 164 Mo. 1; Short v. Taylor, 137 Mo. 517. (d) Where question was not decided in former judgment. Short v. Taylor, 137 Mo. 517.

FARRINGTON, J.—This is an appeal brought here by the plaintiff to reverse a judgment entered in the trial court wherein the defendant recovered on a counterclaim based upon fraud and deceit. The plaintiff sold a farm to the defendant taking a note for a part of the unpaid purchase price, and it is for the unpaid balance on the note for which the suit is brought.

The defendant's answer alleges that certain representations were made concerning the farm, which representations induced him to purchase the land, and that said representations were untrue and known to the plaintiff to be untrue when made. He asked a judgment for damages, and further sought to have the trial court enter an equitable decree cancelling the note sued on. The cause was tried to a jury which rendered judgment for plaintiff for the balance due on the note, and a judgment for the defendant for the same amount on his counterclaim. The question on this appeal goes only to the action of the trial court on the counterclaim.

It is first contended that error was committed in submitting the cause to a jury when the defendant had asked the affirmative relief of having the note concelled. Appellant cites the cases of Bouton v. Pippin, 192 Mo. 469, 91 S. W. 149; Pitts v. Pitts, 201 Mo. l. c. 359, 100 S. W. 1047. These cases are inapplicable here, because whether error was committed or not, the plaintiff got judgment for the full amount asked for on his note and hence as to his cause of action sued on he was not harmed.

The next point claimed as error was the action of the court in refusing to overrule plaintiff's plea of *res*

*judicata,* it appears from the record that a suit in eject-ment had been brought and tried between these parties, resulting in plaintiff's favor, wherein the defendant had set up as a defense the fraudulent representa-tions which are set up in the answer to the petition in the case at bar. That suit in ejectment grew out of the plaintiff's right to the possession of the farm after de-fault had been made by the defendant. His suit was in ejectment, in which he asked for possession and dam-ages for retention, and, as stated before, the counter-claim grew out of the representations alleged to have been made when the farm was originally purchased.

We hold that the trial court was correct in hold-ing that the defendant was not barred by the judg-ment in the former suit. There the only issue tried, as shown by the judgment introduced by the plaintiff, was possession of the land and the damages for retention thereof. No disposition whatever was made in the judgment concerning the defendant's counterclaim, which had been plead, and for aught appears nothing was urged by defendant in that suit concerning this counterclaim. The cause of action upon which the counterclaim was based was not a necessary issue to be tried in the plaintiff's former ejectment suit, and as stated, the record discloses that it was not tried. Neither did the action in ejectment and the cause upon which the counterclaim is based grow out of the same transaction, the ejectment suit being based upon plain-iff's right to possession of the land after the defendant had defaulted in the payment of his mortgage note, while the counterclaim goes back to the original pur-chase of the land.

Where one seeks to apply the estoppel of a judg-ment rendered upon a cause of action to matters aris-ing in a suit upon a different cause of action, the inquiry must be as to the question actually tried and determin-ed in the original action, not what might have been litigated and determined. "Only upon such matters is the judgment conclusive in another action." [See

State ex rel. v. Mining Co., 262 Mo. l. c. 502, 171 S. W. 256; Hill v. Dillon, 183 S. W. l. c. 1090; Mason v. Summers, 24 Mo. App. 174; Brown v. Chadwick, 32 Mo. App. 615.] We, therefore, hold that the court properly submitted the issue raised in the counterclaim to the jury.

There were a number of statements set up by the defendant as representations, which probably under the law went no farther than mere statements of opinion, as to quality and character of the land and property sold. The defendant testified, and plaintiff denied, which made an issue of fact for the jury to determine, that the plaintiff had stated that the timber on the land was good and merchantable timber; that the cistern and ponds were lasting water, and that there were 190 acres of land in cultivation. The defendant testified that the timber, instead of being good and merchantable, was worm-eaten and of probably no value; that the ponds and cistern went dry during seasons of the year, and that there was a substantial less amount of land in cultivation than was represented to him by the plaintiff. These are representations of fact, and if untrue amounted to fraud. The instructions appear to fairly state to the jury the law concerning fraud and misrepresentations.

There being substantial evidence to sustain the verdict of the jury, we are not permitted to interfere therewith. Finding that no substantial error has been committed, the judgment will be affirmed.

*Sturgis, P. J.,* and *Bradley, J.,* concur.