A. B. Ormsby, Appellant, v. A. B. C. Fireproof Warehouse Co.,
Respondent.[*]

Kansas City Court of Appeals.   July 6, 1926.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, p. 967, n. 39; Judgments, 34CJ, p. 841, n. 30.

*Marcy K. Brown, Jr.,* for appellant.

*William G. Holt* and *J. K. Cubbison* for respondent.

BLAND, J.—This is an appeal by plaintiff from the action of the court in sustaining defendant's motion for judgment upon the pleadings. The petition alleges that on and prior to October 25, 1920, plaintiff was the owner and in possession of an automobile and on that day delivered the same to the defendant to be forwarded from Kansas City, Missouri, to Los Angeles, California; ''That said defendant on said date, for hire accepted said property, and agreed to forward same as aforesaid according to plaintiff's instructions;'' that on or about October 26, 1920, defendant placed said property in an enclosed freight box car belonging to the Atchison, Topeka & Santa Fe Railway Company for the purpose of loading it for transportation and thereafter and on the same day said property was damaged by fire in said box car through the negligence of the defendant, its agents and employees while they were preparing the property for shipment; that on October 26, 1920—

''. . . and after said property had been damaged by fire, he was the owner of and entitled to the possession of said described property in its damaged condition, and that he has made demand upon defend-

ant for the salvage remaining of said property after said fire, and that defendant has failed and refused to comply with said demand.''

The petition prays for $1500 damages which was alleged to be the reasonable market value of the damaged property immediately after the fire.

The answer consists of a general denial and alleges that plaintiff had carried insurance and that plaintiff had been paid by the insurance company for all loss and damage sustained by reason of the automobile and equipment having been damaged by fire as alleged in the petition and in consideration thereof had assigned to such insurance company his claim for such damages and agreed that the insurance company should be subrogated to all rights of action against the defendant for said loss and damage and that plaintiff had been fully compensated by the insurance company for such loss and that plaintiff was not the the real party in interest in this action.

The answer further alleged in Paragraph IV thereof that on December 4, 1920, plaintiff instituted a suit against the defendant and the railway company alleging that he delivered to the defendant herein the automobile to be forwarded from Kansas City, Missouri, to Los Angeles, California, and that defendant herein accepted said property and undertook to deliver the same to the railway company to be carried by the latter from Kansas City to Los Angeles; that plaintiff alleged that the defendant herein placed said property in an enclosed box car belonging to the railway company for the purpose of loading said property for transportation and that thereafter, on the 26th day of October, 1920, said property was damaged by fire in said box car through the negligence of the defendant herein, its agents and employees while they were employed in preparing said property for shipment; the plaintiff alleged that by reason of said fire plaintiff's property was damaged and he sustained a loss in the sum of $6858.50, for which sum he asked judgment against the defendants therein; that the defendants therein filed their answer to plaintiff's petition; that the cause coming on for trial judgment was rendered against the defendants in the sum of $2200 for the loss and damage sustained by plaintiff, which judgment was paid by the defendant herein; that—

''All controversies then existing between said plaintiff and said defendant by reason of said fire and loss and damage sustained by said plaintiff thereby to his said automobile and equipment were fully paid and discharged.''

The reply admits the matters set up in paragraph four of defendant's answer relating to the filing of the former suit and recovery of a judgment in the sum of $2200 against the defendants in that suit but alleges that—

". . . plaintiff denies that all controversies then existing be-tween said plaintiff and said defendant by reason of said fire and loss and' damage sustained by said plaintiff thereby to his said automobile and equipment were fully paid and discharged, but that the ver-dict and judgment in said Cause No. 154716 represented only the dam-age to plaintiff's automobile by subtracting the reasonable market value of said automobile after the damage and after the fire from the rea-sonable market value of said automobile immediately before the fire.

"Further replying, plaintiff states that said automobile after the fire had a salvage value as alleged in plaintiff's petition and that as alleged in plaintiff's petition it was the duty of defendant to return to plaintiff said damaged' property in its damaged condition, which defendant failed and refused and neglected to do as alleged in plain-tiff's petition herein."

There was an appeal from the judgment in the first suit (see Orms-by v. A. B. C. Fireproof Warehouse Co., 253 S. W. 336).

Plaintiff insists that the court erred in sustaining defendant's motion for judgment on the pleadings. Defendant's argument against this contention is based wholly upon the theory that the judgment in the former suit was *res adjudicata* of the matters covered by the pres-ent suit; that plaintiff is merely attempting to recover more dam-ages in this suit for the same injury that he sued for in the former suit; that he cannot harass the defendant by bringing successive ac-tions for the recovery of damages that he could have recovered in the first suit. Plaintiff claims that the former judgment was for damages to the bailed property whereas the present suit is for conver-sion of the same property in its damaged condition and that the two actions are different; that the instant suit is grounded upon a different wrong or tort; that different issues are presented in the two cases; that the issues in this case could not have been litigated in the former action; that the subject-matter of the two actions is entirely different; that the two torts occurred at different times, the one involved herein occurring subsequently to the one involved in the former suit; that different defenses are involved in the two actions in that no defense in the first suit could be urged in the subsequent one; that different proof is required in the two actions; that the measure of damages in the two is radically different; that for these reasons the judgment in the former suit is not *res adjudicata* of the matters involved in the present suit.

We think there is no question but that plaintiff's contention is well taken. The law in reference to a situation of this kind is' well stated in Harvest King Distilling Co. v. American Express Co., 192 Mo. App. 106 110, 111, where the court said:

"The rule in such cases is that where the two actions present the parties (or their privies), the same subject-matter and the same

claim or demand, a judgment in the first action, if rendered on the merits, constitutes an absolute bar to the second action. One reason commonly given for the rule lies in the common-law maxim that no one should be twice vexed for the same cause, but as we observed in Paving Co. v. Field, 132 Mo. App. l. c. 638, another reason equally strong is that a judgment on the merits destroys by absorption the cause of action and the passing of the cause necessarily involved the destruction of all of its component parts. When the body dies, the limbs die also. [Railroad v. Traube, 59 Mo. 355; Skeen v. Thresher Co., 42 Mo. App. 158; Bank v. Tracey, 141 Mo. 252; Moran v. Plankington, 64 Mo. 337: Donnell v. Wright, 147 Mo. 639; Paving Co. v. Field, supra.] And it is immaterial whether the action be *ex contractu* or *ex delicto*. If there is identity of parties (or privies), subject-matter and claim, or demand, in the two actions, a judgment recovered on the merits in one, will be a bar to the maintenance of the other.

"But in instances where the identity of the two actions fails in any one or more of the particulars just stated, a recovery of judgment in one will not avail to bar the prosecution of the other. Where the demand arises out of separate and distinct causes of action, the rule against splitting causes obviously could not be applied. [Railroad v. Traube, supra.] And where the respective demands grow out of independent acts, contracts or transactions, they cannot be treated as parts of a single cause. [Ruddle v. Horine, 34 Mo. App. 616; Union, etc., Loan Co. v. Farbstein, 148 Mo. App. 216; Corby, Admr., v. Taylor, 35 Mo. 447; Garland v. Smith, 164 Mo. 1.]"

"A recovery of damages for a trespass or other tort will not bar an action for damages arising from a distinct and independent tort, or from a repetition of the same tortious act." [34 C. J., p. 841.]

"The rule against splitting causes of action does not require a plaintiff who has distinct and disconnected causes of action against the same defendant, each of which by itself would authorize independent relief, to join them in a single suit, although they exist at the same time and might permissibly be so joined, except that under certain circumstances, to prevent vexation and oppression, the court may require plaintiff to consolidate them." [See, also, Brown v. Chadwick, 32 Mo. App. 615; Wheless v. Serrano, 121 Mo. App. 17, 23; Leet v. Gratz, 124 Mo. App. 394, 412; Summet v. Realty & Brokerage Co., 208 Mo. 501, 511, 512; Garland v. Smith, 164 Mo. 1, 22.]

"The bill of exceptions shows, that on the trial below, the judge held, that a recovery in an action for the hire of a horse, buggy and harness, was a bar to a recovery in the present suit, which was between the same parties to recover damages for injuries done to the buggy and harness while in the possession of the bailee. It is true, that where a claim is in its nature indivisible, it cannot be split up

into different causes of action; and this rule applies to torts as well as contracts. [Oliver v. Holt, 11 Ala. 574, Am. Dec. 288; O'Neal v. Brown, 21 Ala. 482.] But this is not the case here. The bailment, or hiring, is entirely distinct from the injury done to the thing bailed; so that the ruling of the court was, in effect, that a recovery in one action would operate to defeat another, where the subject-matter of the two actions was in no respect the same. We need not cite authority to show that this is error.'' [Shaw v. Beers, 25 Ala. Rep. 449, 450.]

It is held in Houston, etc., Ry. Co. v. Perkins, 2 Tex. Appeal Civ. Cas. 520, that a judgment against a carrier for two bales of cotton that were burned will not bar subsequent action for two other bales shipped at the same time and converted by the carrier to its own use after the two bales were burned.

The pleadings disclose that the tort involved in the instant case is one for conversion of the salvage or what was left of the property bailed to the defendant after it had been damaged in defendant's hands; that the tort involved in the former suit was one for the damages to the subject of the bailment caused by the negligence of the defendant in handling it. These are two separate and distinct torts, occurring at different times and of wholly different character and there is no question but that plaintiff is not barred from maintaining this suit by reason of the recovery of a judgment in the former suit. We have examined the cases cited by the defendant and find them not inconsistent with the authorities cited supra.

However, it is insisted by the defendant that there was no motion for a new trial filed and that under the ruling of the Supreme Court in the case of Leahy v. Mercantile Trust Co., 296 Mo. 561, in the absence of filing a motion for a new trial, there is nothing before this court for review except the record proper. The record recites that within four days after the rendition of the judgment plaintiff filed his motion headed, ''Motion to set aside Order sustaining Motion for Judgment on the Pleadings'' and the record further shows that a motion in arrest of judgment was filed. Plaintiff's motion to set aside the order sustaining the motion for judgment on the pleadings is in form the same as a motion for a new trial. The bill of exceptions was presented to the court and was duly signed and allowed by him, the court evidently treating this motion as a motion for a new trial, and we think it should be so treated as such in this court. [Morgan v. Keller, 194 Mo. 663, 676, 677.]

It is insisted that the record fails to disclose on what day the judgment was rendered and therefore it cannot be determined whether the motion in question was filed within four days from the day of the rendition of the judgment appealed from. However, the record discloses the date of the judgment and that the motion was filed with-

in four days thereafter. It is claimed because the motion does not ask in terms that the judgment be set aside but merely that the court set aside its "order" sustaining defendant's motion for judgment on the pleadings, it did not ask for a new trial. There is no merit in this contention. [Vanhoozier v. Dunlap, 117 Mo. App. 529; Morgan v. Keller, supra.]

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.

